By the Court.
 

 The petition of relator alleges that the “action of the board of elections, was arbitrary, illegal, and an abuse of discretion in that the rejection was for a mere technical defect.” Neither fraud nor corruption is alleged.
 

 Paragraph k of Section 4785-13, General Code, authorizes a board of elections “to review, examine and certify the sufficiency and validity of petitions and nomination papers.” The tenth paragraph of Section 4785-70, General Code, provides for filing protests against the candidacy of any person filing a declaration of candidacy and for notice of the filing and of a hearing. That section provides also that if the election officials “find that such candidate is not an elector of the * * * political subdivision in which he seeks
 
 * *
 
 * election to [a] * * * position, or
 
 has not fully complied
 
 with the law relating to primary elections, his declaration of candidacy and petition
 
 shall be determined to be invalid
 
 and shall be rejected, otherwise it shall be determined to be valid. Such determination shall be final.” (Italics ours.)
 

 Section 4785-63, General Code, authorizes an out
 
 *214
 
 going county central committee to determine whether members shall be elected from a township, ward or precinct.
 

 Section 4785-71, General Code, prescribes substantially the form for a declaration of candidacy and petition. '
 

 The board of elections of Muskingum county was empowered by Section 4785-70, General Code, to determine whether relator had fully complied with the law relating to primary elections and whether his declaration of candidacy was valid. A protest against his candidacy was duly filed and the board complied with the requirements of that section relating to notice and hearing.
 

 It was the obligation of the relator to designate in his declaration of candidacy the precinct in ward 4, which he desired to represent as' a member of the county central committee. The selection of a precinct was not the duty of someone who issued a receipt for the board of elections or of the electors who signed relator’s petition for candidate.
 

 The action of the board was neither arbitrary, illegal nor an abuse of discretion. See
 
 Koehler, Jr.,
 
 v.
 
 Board of Elections of Butler County,
 
 125 Ohio St., 251, 181 N. E., 107, and
 
 State, ex rel. Raines,
 
 v.
 
 Tobin et al., Board of Elections of Summit County,
 
 138 Ohio St., 468, 35 N. E. (2d), 779.
 

 Counsel for relator contends that the omission of a precinct designation was a mere technicality which should, not have been sufficient reason for rejecting relator’s declaration of candidacy and he relies on
 
 Sullivan
 
 v.
 
 State, ex rel. O’Connor,
 
 125 Ohio St., 387, 181 N. E., 805. Two facts distinguish that case from the present. First, the claimed irregularities in the
 
 Sullivan case
 
 were the illegibility of the signature of the notary and his failure to note his official character and to print his name, which alleged defects could not
 
 *215
 
 have been charged to the candidate. Second, Section 4785-78, General Code, which at the time of that decision directed that “no declaration of candidacy shall be rejected for mere technical defects,” was repealed by Amended Substitute Senate Bill No. 109 (122 Ohio Laws, ). However, the rejection of the declaration of the present relator was not for a mere technicality and was authorized by law.
 

 Under Section 4785-70, General Code, the determination of a board of elections is final. Mandamus will not lie to control the exercise of powers by a board of elections in the absence of allegations of fraud, collusion or abuse of discretion.
 

 No duty is specially enjoined by law on the respondent to accept relator’s declaration of candidacy and to place his name on the primary ballot. Therefore, a writ of mandamus will be denied to relator.
 

 Writ denied.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.