By the Court.
 

 There is no dispute as to the facts.. In substance, it was stipulated that relator is qualified as an attorney at law and an elector, as required by law; that he filed his declaration of candidacy which was duly signed and verified by him; and that his. petitions were simultaneously filed and bore- the signatures of the required number of qualified electors- and registered voters.
 

 It was stipulated further that the respondents rejected his declaration of candidacy and petitions “for the reason that such declaration of candidacy failed to mention full term or unexpired term and the commencing date of such term as provided in Section 4785-71a of the General Code of the state of Ohio, and' said respondents then ordered that the relator’s name-should not be printed or appear upon the Republican primary ballot * *
 

 It was stipulated also that no protest was filed against, the relator’s declaration of candidacy, and that since no such protest was filed with the respondents the relator received no notice of protest or the fixing of any hearing thereof as provided in Section 4785-70, General Code.
 

 Section 4785-71a, General Code, requires that “each person filing a declaration of candidacy for nomination at a primary election as a candidate for election to the office of judge of the Supreme Court, Court of
 
 *331
 
 Appeals, Court of Common Pleas, Probate Court, and such other courts as are established by law, in addition to designating in such declaration the office for election to which he seeks such nomination, shall designate the term of the office for election to which he seeks such nomination by stating therein, if a full term, the ■date of the commencement of such term in words as •follows, to wit: ‘Full term commencing .......... •(Date) ..........’, or by stating therein, if an unexpired term, the date on which such unexpired term will end in words as follows, to wit: ‘Unexpired term •ending .......... (Date) ..........’ ”
 

 It will be observed that section specifically requires ■a primary candidate to designate both the judicial office and the term for which he seeks nomination, and makes provision for setting forth the full term or the unexpired term, with dates thereof. The requirements ■of that section are mandatory.
 

 Paragraph k of Section 4785-13, General Code, authorizes a board of elections “to review, examine and ■certify the sufficiency and validity of petitions and nomination papers,” and paragraph five of Section ■4785-80, General Code, requires that “primary election ballots shall contain the names of all persons whose declarations of candidacy and petitions have been determined to be valid.”
 

 It is significant that Section 4785-13, General Code, ■does not provide for the filing of protests. The provisions of Section 4785-70, General Code, relating to notice and hearing, apply only where protests are filed against the candidacy of any person filing a declaration of candidacy. No such protest was filed in this instance and the prospective candidate is the only person challenging the' action of the .board in rejecting his nomination papers. Furthermore, if a
 
 *332
 
 notice and hearing had been had, the board of elections could hot have done otherwise than to determine the declaration of candidacy and petition invalid for the reason that the prospective candidate had not “fully complied with the law relating to primary elections.”
 

 We agree with the conclusion of the Court of Appeals that the declaration of candidacy of the relator was clearly not in accord with the mandatory provisions of Section 4785-7la, General Code, and that the refusal to accept relator’s declaration of candidacy and petitions did not constitute án abusé of discretion warranting the issuance of a writ of mandamus.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.