By the Court.
 

 Charles S. Keeney filed his declaration of candidacy and petition for nomination as a Republican candidate for the office of probate judge of Vinton county, at the primary election to be held on May 4, 1948.
 

 Thereafter, Frederick L. Newdick filed with the board of elections a protest against the candidacy on the ground that the declaration of candidacy failed to designate the term of office as required by Section 4785-71a, General Code. The board, after complying with all the provisions of the tenth paragraph of Section 4785-70, General Code, as to notice and hearing, declared by unanimous vote the declaration of candidacy valid.
 

 Thereupon, Newdick filed in the Court of Appeals a petition in mandamus to compel the board of elections to allow his protest.
 

 There is only one probate judge to be elected in November 1948 for a full term of six years commencing February 9, 1949.
 

 
 *441
 
 The Court of Appeals on March 24, 1948, denied a writ and dismissed relator’s petition. That court expressed the view that the provisions of Section 4785-71a, General Code, are mandatory only where two or more judges of the same court are to he elected at an election; that the board of elections properly determined the declaration of candidacy to be valid; and that there was no flagrant misinterpretation or disregard of that statute.
 

 On March 31, 1948, in
 
 State, ex rel. McGinley,
 
 v.
 
 Bliss et al., Board of Elections, ante,
 
 329, 78 N. E. (2d), 715, this court affirmed the judgment of the Court of Appeals for Summit county and held that the requirements of Section 4785-71a, General Code, as to designation of the judicial office and the term, are mandatory.
 

 On April 6, 1948, the relator in the instant case filed in the Court of Appeals a motion for reconsideration and rehearing, citing the
 
 McGinley case, supra.
 
 That court overruled the motion for the reason that it was filed out of rule, as a motion for rehearing, and the statutory time had elapsed for filing a motion for new trial.
 

 Relator then filed his appeal as of right to this court, the proceeding having originated in the Court of Appeals.
 

 This court adheres to the pronouncement in
 
 State, ex rel. McGinley,
 
 v.
 
 Bliss, supra.
 
 The judgment of the Court of Appeals in the present case is reversed and final judgment entered for the appellant relator.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.