THE STATE, EX REL. WIETHE, APPELLANT, *v.* BOARD OF
ELECTIONS OF HAMILTON COUNTY ET AL., APPELLEES.
(Two cases.)

(Nos. 7878 and 7879—Decided March 29, 1954.)

*Mr. Timothy S. Hogan,* for appellant.

*Mr. C. Watson Hover,* prosecuting attorney, *Mr.
George S. Heitzler* and *Mr. Carl B. Rubin,* for appel-
lees.

*Per Curiam.* The first of these actions seeks a writ of mandamus and the second seeks a mandatory injunction to compel the Board of Elections of Hamilton County and its members to place the name of the relator on the ballot as a candidate for member of the central committee of the Democratic Party at the primary election to be held on May 4, 1954.

The Common Pleas Court found on the issues raised in favor of the respondents, and entered judgments in their favor. These appeals on questions of law are from those judgments.

While disavowing any purpose to charge actual or moral fraud, the issue of technical, legal, or constructive fraud was raised in the trial court and was argued here. We are of the opinion that the record contains no evidence of fraud of any kind.

As we view the record, it presents the sole issue of whether the respondents failed in the performance of an act which the law specially enjoined upon them, resulting from the office of the Board of Elections of Hamilton County, Ohio.

Relator's counsel has furnished the court with a copy of the opinion of Judge Weber, which he handed down in deciding the mandamus action. While disagreeing with the conclusion reached, relator's counsel commended it as an "excellently considered opinion." We commend counsel's frankness and concur in his appraisal.

We are content to affirm these judgments on the reasoning and authorities contained in Judge Weber's opinion.

There is no doubt that the board of elections would be derelict in its duty if it placed the names of all declarants on the ballot without passing upon their sufficiency as a matter of law. The board must, under the statute, determine that the declaration is sufficient before placing the declarant's name on the ballot.

Of course, one of the essentials of a valid declaration is a correct, unambiguous description of the office sought. A comparison of the form furnished by the Secretary of State with the statute, discloses that it follows closely the language of the statute (Section 3513.07, Revised Code), particularly where it approaches the blank space for the insertion necessary to complete the title to the office. Precise instructions were found in the footnote as to the title to be inserted. An examination of the declaration of the relator discloses that it is either a declaration for a nonexisting office or an ambiguous declaration for one or another of two offices, or both. This uncertainty relates to the unit of representation which is of the essence of the description. Under such circumstances, we believe it cannot be said that this declaration is free of defects or that it substantially complies with the law. And, for the same reason, it cannot be said that the respondents abused their discretion or failed in the performance of a duty specially enjoined by law in rejecting the declaration.

For these reasons, the judgments are affirmed.

*Judgments affirmed.*

MATTHEWS, P. J., and HILDEBRANT, J., concur.

(No. 7878—Decided April 8, 1954.)

ON REHEARING.

Ross, J. This court announced a decision, affirming the judgment of the trial court prior to the announcement of the case of *State, ex rel. Halpin,* v. *Hamilton County Board of Elections,* 161 Ohio St., 281, 118 N. E. (2d), 840.

The relator requested the court, in view of the decision in the *Halpin case*, to permit reargument of the appeal from the Court of Common Pleas on questions of law, which request was granted, and the case has been reargued in the light of the *Halpin case*.

The opinion in the *Halpin case* is what is known as a *"Per Curiam."* There is no syllabus defining the law of the decision. The law pronounced is found in the divided opinion of the Supreme Court.

What is the function of an appellate court in the consideration of an appeal on questions of law from a trial court which has refused to issue a writ of mandamus, where the facts are not in conflict?

Obviously, the appellate court's function is to determine whether the trial court, in its judgment entry, has pronounced an erroneous principle of law or erroneously applied a valid principle of law to admitted facts, at least, such are the limitations of this appeal.

In the judgment entry of the trial court, it is stated:

"This matter came on to be heard on the petition of the relator praying for a writ of mandamus and the court being fully advised in the matter by the pleadings, evidence, arguments and briefs, does find the allegations in relator's petition to be unsupported by the evidence and the law and does therefore deny the prayer for a writ of mandamus.

"To all of which relator excepts."

In effect, the trial court found that the relator had failed to prove a cause of action in mandamus.

At the outset, the relator alleges in his petition for mandamus that he, "desiring to be a candidate for member of the Democratic County Central Committee of Hamilton County, Ohio, duly executed a declaration of candidacy as a candidate for the office of member of the county central committee of the Hamilton County Democratic Party from the 7th ward in the city of Cincinnati."

He attached to his petition for mandamus copies of his declaration and the petition for his candidacy. The declaration shows he desires "to be a candidate of the Democratic Party for election to the office of member of the county central committee from precinct S, 7th ward, city of Cincinnati," and he requests that his name "be printed upon the official primary election ballot of the said Democratic Party as a candidate for *such* election as provided by law." (Emphasis added.)

Some of the signers of his petition were from other precincts of ward 7 than precinct S.

He further states in his petition for mandamus that the board of elections rejected his declaration and petition, and notified him he had filed for a nonexistent office; that the central committee of the Democratic Party changed committee representation from precinct to ward; that he is a qualified elector of such ward and desires to be a candidate for the "sole office of member of the county central committee"; that "he duly and fully and substantially filed a declaration of candidacy and a petition for candidate with respondent board in the form substantially required by the Ohio statutes in such cases made and provided"; that the signers of his petition, the notary and the circulator thereof all understood he was seeking to be a candidate from the 7th ward; and that it was obvious from his declaration that such was the case.

Relator alleges further "that the action of the board is clearly *contrary to law* and is *arbitrary, capricious* and a disregard of the requirements of the Ohio law relative to the *substantial correctness of declarations* and petitions." (Emphasis added.)

If the evidence produced at the trial shows that the action of the board was contrary to law, arbitrary, or capricious, or that there was no substantial evidence to sustain its decision, the relator has brought himself

within the area in which courts will issue their writs of mandamus to boards vested with discretionary powers by the General Assembly in matters purely political. This is not an election contest, but a proceeding invoking the extraordinary powers of mandamus.

The trial court found that the evidence produced failed to sustain such a status. Was the finding contrary to the weight of the evidence, or was such undisputed evidence so conclusive in the inferences to be drawn therefrom as to require this court to render the judgment which the trial court should have rendered, finding that the board of elections had acted contrary to law, or in a capricious or arbitrary manner, or that there was no substantial evidence sustaining the decision of the board.

Section 3501.11, Revised Code, specifies that the board shall, among other duties, "(K) Review, examine, and certify the sufficiency and validity of petitions and nomination papers." In the exercise of such duties they are performing a purely political function of government.

The judicial branch of the government is given power to set aside the final determination of boards of elections only where it is made to appear that the board has abused the discretion reposed in it by the Legislature, or has acted in an arbitrary, capricious, or unreasonable manner, or that there was no substantial evidence presented to it justifying its decision.

In *State, ex rel. Burgstaller,* v. *Franklin County Board of Elections,* 149 Ohio St., 193, 197, 78 N. E. (2d), 352, it is stated:

"There is no claim of fraud or corruption in this case, and the only possible basis for judicial intervention would be that the board flagrantly misinterpreted the statute, or clearly disregarded an applicable legal provision."

In *State, ex rel. Lemert,* v. *Board of Elections of Muskingum County,* 149 Ohio St., 211, 78 N. E. (2d), 368, it is stated in the opinion on page 215:

"Under Section 4785-70, General Code, the determination of a board of elections is final. Mandamus will not lie to control the exercise of powers by a board of elections in the absence of allegations of fraud, collusion or abuse of discretion."

The form of declaration and petition is required to be "substantially" as set out in Section 3513.07, Revised Code. It must be admitted that as far as the form is concerned, the declaration complied with the statutory "form," and that the "form" was "substantially" the same as that required by statute. In view of some stress laid on the use of the word, "from," by relator, it should be noted that in Section 3517.03, Revised Code, it is stated:

"The controlling committees of each political party or organization shall be a state central committee consisting of two members, one a man and one a woman, *from* each congressional district in the state; a county central committee consisting of one member *from* each election precinct in the county, or of one member *from* each ward in each city and *from* each township in the county, as the outgoing committee determines; and such district, city, township, or other committees as the rules of the party provide." (Emphasis added.)

It will be noted also that in the form furnished by the board of elections an asterisk denotes a footnote, showing that for ward, the declarant should state from "...... ward."

Nowhere in the statutes is it stated that a prospective candidate may file for an office "substantially" designated in a form.

It is to be remembered that, as alleged in the petition for mandamus, the precinct representation has been

abandoned in favor of ward representation. Was the board required to presume that the candidate was aware of such change and was filing for a ward instead of a precinct? Suppose there had been more than one of such declarations for precinct representation. Is the board to disregard the expressed desire of the declarant? And is the court to substitute a conclusion which it might have reached for one which the board has discretion to make? May it be said that under the circumstances here in evidence the board acted contrary to law? If so, what specific requirement of the law? Was the board capricious or arbitrary in not writing into the declaration what the candidate may or may not have intended to write? Can it be said the undisputed fact that the declarant desired to represent only a precinct furnished no substantial evidence upon which the board could decide that such was his intention? Was it the duty of the board to delete the words, "precinct S," and thus make a new declaration for him, i. e., to change a declaration for an office that did not exist to one that did?

There is evidence and it is alleged that all those involved knew the candidate was filing for the ward and not a precinct thereof. Then why did the candidate who had the greatest interest involved not so state?

This is a political matter over which boards of elections are given final jurisdiction, except to the extent hereinbefore noted.

In the *Halpin case, supra,* the Supreme Court announced no general rule of law applicable to all situations, and it may be doubted if it could do so. That opinion applied to a specific state of facts, which are essentially different from those presented to the trial court.

This court is bound by the decisions of the Supreme Court, but only to the extent to which those decisions reach.

The obligation rests upon the candidate to state in his decaration of candidacy specifically the office he desires to occupy, and for which his name is to be placed on the ballot.

No duty is imposed upon a board of elections, nor is there a right given such board, to place upon the ballot the name of a candidate for an office which he has not designated, especially where no such office is presented on the ballot.

It is our conclusion that the trial court committed no error prejudicial to relator in refusing under the evidence submitted to employ the extraordinary writ of mandamus to find that the board of elections had acted contrary to law or in an arbitrary or capricious manner in its exercise of a purely political function involving a sound discretion, conferred upon 't by the statutes, or that there was no substantial evidence upon which the board could refuse to put the declarant's name on the ballot.

*Judgment accordingly.*

MATTHEWS, P. J., and HILDEBRANT, J., concur.