THE STATE, EX REL. CALHOUN, *v.* SCIOTO COUNTY BOARD OF ELECTIONS.

[Cite as State, ex rel. Calhoun, *v.* Scioto Cty. Bd. of Elections (1988), 36 Ohio St. 3d 164.]

(No. 88-432—Decided April 13, 1988.)

*Ronald R. Calhoun,* for relator.

*Lynn A. Grimshaw,* prosecuting attorney, and *Harry T. Herdman,* for respondent.

*Per Curiam.* R.C. 3513.08 states in pertinent part:

"Each person filing a declaration of candidacy for nomination at a primary election as a candidate for election to the office of judge of the su-

preme court, court of appeals, court of common pleas, probate court, and such other courts as are established by law, in addition to designating in such declaration the office for election to which he seeks such nomination, shall, if two or more judges of the same court are to be elected at any one election, designate the term of office for election to which he seeks such nomination by stating therein, if a full term, the date of the commencement of such term as follows:

" '**Full term commencing**⎯⎯ (date)⎯⎯⎯⎯,' or by stating therein, if an unexpired term, the date on which such unexpired term will end as follows: '**unexpired term ending**⎯⎯ (Date)⎯⎯⎯⎯.' * * *" (Boldface added.)

In *State, ex rel. McGinley,* v. *Bliss* (1948), 149 Ohio St. 329, 37 O.O. 21, 78 N.E. 2d 715, this court faced the very same issue as addressed here. In that case, the court was required to interpret G.C. 4785-71*a,* the predecessor statute to R.C. 3513.08. Examining virtually the same language as quoted above, the court held:

"It will be observed that section specifically requires a primary candidate to designate both the judicial office and the term for which he seeks nomination, and makes provision for setting forth the full term or the unexpired term, with dates thereof. *The requirements of that section are mandatory.*" (Emphasis added.) *Id.* at 331, 37 O.O. at 22, 78 N.E. 2d at 716. In addition, in *State, ex rel. Newdick,* v. *O'Leary* (1948), 149 Ohio St. 440, 37 O.O. 117, 79 N.E. 2d 126, we underscored this point. Reaffirming the *McGinley* decision, the *Newdick* court held that "the requirements of Section 4785-71*a,* General Code, as to designation of the judicial office and term, are mandatory." *Id.* at 441, 37 O.O. at 117, 79 N.E. 2d at 127.

Relator relies on *State, ex rel. Ellis,* v. *Sulligan* (1966), 6 Ohio St. 2d 65, 35 O.O. 2d 84, 215 N.E. 2d 716, as supporting his position, but such reliance is misplaced. In *Ellis,* the declaration of candidacy recited that relator desired to be a candidate " 'for election to the office of Judge — Common Pleas Court — 1-2-67 for the Full Term ending — 1-1-1973.' " *Id.* The court found that relator "sufficiently complied with the statutory requirements." *Id.* at 66, 35 O.O. 2d at 84, 215 N.E. 2d at 716. *Ellis* can and should be distinguished from the facts in the instant case. Ellis declared the date on which the full term "commenced" — January 2, 1967 — thus complying with the mandate of the statute. In the case at bar, relator never declared when the term was to commence, as is required by R.C. 3513.08.

Relator also argues respondent's rejection of his declaration and petition somehow usurps the authority granted to the Secretary of State pursuant to R.C. 3501.05, which charges the Secretary of State with determining and prescribing election forms. Relator asserts that he used the declaration of candidacy form prescribed by the Secretary of State and completed it (by filling in the blanks) in accordance with the directions on the form. Such an assertion is specious at best. A parenthetical phrase under the blank in question stated, "(Full term *or* unexpired term ending ⎯⎯⎯)." (Emphasis added.) Filling in "full term ending 2/8/95" obviously does not comply with the directions in the parenthetical phrase. If relator was uncertain as to what the directions suggested, he should have referred to R.C. 3513.08. The applicable code sections are printed on the face of the form.

For the foregoing reasons, a writ of mandamus is denied.

*Writ denied.*

MOYER, C.J., SWEENEY, DOUG-
LAS, WRIGHT and H. BROWN, JJ., con-
cur.

LOCHER and HOLMES, JJ., dissent.

HOLMES, J., dissenting. In that the
decision of the majority is based upon
an unduly restrictive interpretation of
R.C. 3513.08, the election statute in-
volved here, I must dissent.

Only a few months ago, we unani-
mously granted a writ of mandamus
under circumstances presenting great-
er obstacles to the relator than those
found in the instant case. In that case,
*State, ex rel. Maurer, v. Franklin Cty.
Bd. of Elections* (1987), 33 Ohio St. 3d
53, 514 N.E. 2d 709, the relator failed
to properly fill out a form similar in all
relevant aspects to the form before us.
The particular defect upon her state-
ment of candidacy, which was also pre-
scribed by both statute and the Secre-
tary of State, was the failure to name
the office sought. The respondent,
board of elections, in that case as-
serted that "the omission of the identi-
ty of the office sought by Relator in the
Statement of Candidacy *was material
and substantial,* thus invalidating said
petition." (Emphasis added.) Relying,
as does respondent before us, upon an
alleged duty to strictly comply with the
election statutes of R.C. Chapter 3513,
the board therein also voted four to
zero to invalidate the petition. As
previously mentioned, this court was
unanimous in its view that the failure
to state the name of the office sought
was not so "material and substantial"
as to invalidate the petition.

In the case before us, the defect at
issue is not nearly so pronounced as
the failure to indicate the name of the
office sought, since the form as submit-
ted by relator clearly declares that he
seeks "election to the office of Judge of
the Fourth District Court of Appeals
* * *." The defect asserted here is that

there was a failure to fill in the blank in
strict conformance with R.C. 3513.08,
which requires that the beginning date
of the term be stated. The relator filled
in the ending date of the term. The in-
struction for the blank space upon the
form states that relator should desig-
nate "(Full term or unexpired term
ending _____)." Relator inserted
"full term ending 2/8/95," which com-
ports with the form's directions. Rel-
ator, by a fair reading of these instruc-
tions, was to indicate whether he was
running for a full term or an unexpired
term. He indicated that he sought the
*full term,* since the office had not been
prematurely vacated. The instructions
had no punctuation and could easily be
read to apply the word "ending" fol-
lowed by a blank space to the phrase
"full term." This the relator did and
was reasonably in compliance with the
form's instructions. Nowhere upon its
face does the form require that a be-
ginning date be stated.

It is asserted that failure to strictly
comply with R.C. 3513.08 made it im-
possible to distinguish which of the two
judicial offices relator sought election
to, *i.e.,* that office commencing Feb-
ruary 9, 1989, or the one commencing
February 10, 1989. One need only read
the inserted date to realize that by sub-
tracting six years from the date pro-
vided, *i.e.,* ending date February 8,
1995, one arrives at the starting date
for the term, that being February 9,
1989. This would seem to be quite
clear, and not confusing, either to the
board of elections or to the other can-
didates. Thus, relator has substantially
complied with the statute's goals.

The majority relies upon *State, ex
rel. McGinley, v. Bliss* (1948), 149 Ohio
St. 329, 37 O.O. 21, 78 N.E. 2d 715,
and *State, ex rel. Newdick, v. O'Leary*
(1948), 149 Ohio St. 440, 37 O.O. 117,
79 N.E. 2d 126. These cases are inap-
posite for the reason that the relators
therein failed utterly to comply with

the statute and the form requirements. The petitions did not give any of the required information as to the terms of the offices sought and were therefore quite properly considered invalid.

On the other hand, in *State, ex rel. Ellis,* v. *Sulligan* (1966), 6 Ohio St. 2d 65, 35 O.O. 2d 84, 215 N.E. 2d 716, the rule of substantial compliance was clearly set forth. In that case, the relator had, on his candidacy declaration for the office of common pleas court judge, failed to designate the county "in which he wished to become a candidate." This is set forth in the statute as part of the required information for each declarant. However, this court utilized common reason in construing the totality of the information contained in the declaration and petition to deduce that "[t]he relator has *sufficiently complied* with the statutory requirements." (Emphasis added.) As previously set forth, the exact information required by R.C. 3513.08 is directly deducible from the information set forth in the declaration now before us to indicate with precision the exact office sought, district within which the court of appeals is located, and the time frame of the term sought by the relator.

Furthermore, as this court stated in *Stern* v. *Bd. of Elections* (1968), 14 Ohio St. 2d 175, at 180 and 184, 43 O.O. 2d 286, at 289 and 291, 237 N.E. 2d 313, at 317 and 319:

"Absolute compliance with every technicality should not be required in order to constitute *substantial* compliance, unless such complete and absolute conformance to each technical requirement of the printed form serves a public interest and a public purpose.

"* * *

"The public policy which favors free competitive elections, in which the electorate has the opportunity to make a choice between candidates, outweighs the arguments for absolute compliance with each technical requirement on the petition form, where the statute requires only *substantial* compliance, where, in fact, the only omission cannot possibly mislead any petition signer or elector, where there is no claim of fraud or deception, and where there is sufficient substantial compliance to permit the board of elections, based upon the prima facie evidence appearing on the face of the jurat which is a part of the petition paper, to determine the petition to be valid." (Emphasis *sic.*)

In order to further the intent of our election laws, the content of the petitions for election filed by candidates must be sufficiently complete and precise to provide the board of elections with all the information required by law. A reasonably strict scrutiny must be given to such petitions by the boards, in that this court has pronounced that the requirements of R.C. 3513.08, and similar sections, are mandatory. However, in determining whether such requirements have been met, the board of elections, and this court, should look at what has been inserted upon such petitions in a reasonable manner and determine whether any variance in fact violates the public purpose of the statute involved. Public policy generally, as well as the legislative intent in election matters, would dictate that this court, within the confines of the law, should not unduly limit, on the basis of a hypertechnical interpretation of our election laws, the right of anyone to have his name placed upon the ballot.

Accordingly, I must respectfully dissent.

LOCHER, J., concurs in the foregoing dissenting opinion.