[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 535.]

THE STATE EX REL. PHILLIPS *v.* LORAIN COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Phillips v. Lorain Cty. Bd. of Elections*, 2001-Ohio-1627.]

*Writs of prohibition and mandamus sought to prevent Lorain County Board of Elections from placing name on Avon's November 6, 2001 general election ballot and counting any votes for that candidate at the election for the office of council at large—Complaint for writ of mandamus dismissed, when—Writ of prohibition denied, when.*

(No. 01-1765—Submitted October 18, 2001—Decided October 23, 2001.)

IN MANDAMUS AND PROHIBITION.

———————————

*Per Curiam.*

{¶ 1} On August 20, 2001, Thomas L. Wearsch filed a nominating petition and statement of candidacy for the office of Council at Large in the city of Avon, Lorain County, Ohio. The nominating petition and statement of candidacy was composed of five part-petitions and was on a form prescribed by the Secretary of State of Ohio.

{¶ 2} The petition form provided:

"STATEMENT OF CANDIDACY

"I _____, the undersigned, * * * declare that I desire to be a candidate for election to the office of _____, in the municipality of _____, for the: ☐ full term or ☐ unexpired term ending _____, in _____ County, Ohio at the general election to be held on the _____ day of _____, _____.

"* * *

"NOMINATING PETITION

"We, the undersigned, qualified electors of the State of Ohio, whose voting residence is in the county, city, village, or township set opposite our names, hereby nominate _____ as a candidate for election to the office of _____ in the municipality of _____, for the: ☐ full term or ☐ unexpired term ending _____, to be voted for at the next general election."

{¶ 3} On the form, the instruction "[f]ill in the appropriate date" is under the blanks following the phrase "unexpired term ending." (*Id.*)

{¶ 4} In two of the five part-petitions, Wearsch specified in the statement of candidacy section that he desired to be a candidate for the office of Council at Large for the "full term * * * ending 12-31-01," whereas in the statement of candidacy section on the other three part-petitions, Wearsch listed his candidacy for a "full term * * * ending 12-31-03." In the nominating petition section of all five part-petitions, Wearsch listed himself as a candidate for Council at Large for the "full term * * * ending 12-31-01 to be voted for at the next general election." In other words, in all of the part-petitions, in the statement of candidacy and nominating petition sections, Wearsch checked the boxes next to "full term," and he did not check the boxes next to "unexpired term ending," but he did insert either "12-31-01" or "12-31-03" in the blanks next to "unexpired term ending."

{¶ 5} On the November 6, 2001 general election ballot for Avon, there are three available Council at Large seats. All three seats are for full terms ending December 31, 2003, not for full terms ending December 31, 2001. The three candidates receiving the highest vote total will be declared the successful candidates.

{¶ 6} On September 4, 2001, relator, Gerald W. Phillips, an attorney who is an elector of Avon, filed a written protest pursuant to R.C. 3513.263 with respondent, Lorain County Board of Elections, against Wearsch's petition. Phillips claimed that the petition was defective because two part-petitions contained an

incorrect term-ending date of December 31, 2001, in the statement of candidacy section and all five part-petitions had the same incorrect term-ending date of December 31, 2001, in the nominating petition section.

{¶ 7} By letter dated September 21, Phillips contended that the board had failed to promptly set the hearing on his protest, and he requested an immediate protest hearing. On September 24, Phillips submitted a memorandum in support of his protest with the board. In his memorandum, Phillips asserted that specifying the appropriate term of office in a nominating petition is an absolute requirement of R.C. 3513.261 that requires *strict compliance*. Phillips did not specifically assert that Wearsch had failed to *substantially comply* with R.C. 3513.261.

{¶ 8} On the same date that Phillips submitted his memorandum, September 24, 2001, the board held a hearing on Phillips's protest, at the conclusion of which the board unanimously denied the protest and reaffirmed the board's certification and validation of Wearsch's petition and his placement on the November 6, 2001 general election ballot.

{¶ 9} On October 3, 2001, Phillips filed this action for a writ of prohibition to prevent the placement of Wearsch's name on the November 6, 2001 general election ballot and the counting and canvassing of any ballots for Wearsch at the election. Phillips also requested a writ of mandamus to compel the board to grant Phillips's protest, to reject the Wearsch petition, and to prohibit the placement of his name on the November 6, 2001 general election ballot. The board filed an answer, and the parties filed evidence and briefs pursuant to the expedited election schedule set forth in S.Ct.Prac.R. X(9).

{¶ 10} Phillips requests writs of prohibition and mandamus to prevent the board from placing Wearsch's name on the November 6, 2001 general election ballot and counting any votes for him at the election. For the following reasons, Phillips's claims lack merit.

Mandamus

**{¶ 11}** Phillips's mandamus claim is an ill-conceived request for prohibitory injunctive relief, *i.e.*, to prevent Wearsch's candidacy at the November 6, 2001 general election. "In general, if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction." *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 634, 716 N.E.2d 704, 710. We have applied this rule to election cases. *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections* (1995), 72 Ohio St.3d 69, 70-71, 647 N.E.2d 769, 771. Based on the foregoing precedent, we lack jurisdiction over Phillips's mandamus claim and it is dismissed.

Prohibition

**{¶ 12}** Phillips also requests a writ of prohibition to prevent Wearsch's candidacy on the November 6, 2001 general election ballot. In order to be entitled to a writ of prohibition, Phillips must establish that (1) the board is about to exercise or has exercised judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. See *State ex rel. Baldzicki v. Cuyahoga Cty. Bd. of Elections* (2000), 90 Ohio St.3d 238, 241, 736 N.E.2d 893, 895. Phillips has established that the board has exercised quasi-judicial power in denying his protest and that denial of the writ will cause injury for which he lacks an adequate remedy in the ordinary course of law.

**{¶ 13}** Therefore, in order to be entitled to the requested writ of prohibition, Phillips must establish that the board engaged in fraud or corruption, abused its discretion, or acted in clear disregard of applicable legal provisions. *State ex rel. Baur v. Medina Cty. Bd. of Elections* (2000), 90 Ohio St.3d 165, 166, 736 N.E.2d 1, 2. Phillips asserts that the board abused its discretion and clearly disregarded applicable law, including R.C. 3513.261, in denying his protest and certifying Wearsch's candidacy.

**{¶ 14}** R.C. 3513.261 governs the form of the nominating petition and statement of candidacy here and provides:

"*The form of the nominating petition and statement of candidacy shall be substantially as follows*:

"STATEMENT OF CANDIDACY

"I, ……………. (Name of candidate), the undersigned, hereby declare under penalty of election falsification * * * that I am a qualified elector in the precinct in which my voting residence is located.  I hereby declare that I desire to be a candidate for election to the office of ……………. in the ……………. (State, District, County, City, Village, Township, or School District) for the ……………. (Full term or unexpired term ending ………………) at the General Election to be held on the …………. day of ………………..., ……………. .

"* * *

"NOMINATING PETITION

"We, the undersigned, qualified electors of the state of Ohio, whose voting residence is in the County, City, Village, Ward, Township or Precinct set opposite our names, hereby nominate …………….. as a candidate for election to the office of ……………. in the ……………… (State, District, County, City, Village, Township, or School District) for the …………. (Full term or unexpired term ending ……………….) to be voted for at the general election next hereafter to be held, and certify that this person is, in our opinion, well qualified to perform the duties of the office or position to which the person desires to be elected." (Emphasis added.)

**{¶ 15}** Phillips claims that by using the incorrect term-ending date for the nominating petition portion of all five part-petitions and for the statement of candidacy on two of the five part-petitions, the petition failed to comply with the strict form requirements of R.C. 3513.261.

**{¶ 16}** Admittedly, the settled rule is that election laws are mandatory and require strict compliance, and that substantial compliance is acceptable only when an election statute expressly permits it. *State ex rel. Citizens for Responsible Taxation v. Scioto Cty. Bd. of Elections* (1992), 65 Ohio St.3d 167, 169, 602 N.E.2d 615, 617. R.C. 3513.261, however, expressly permits *substantial compliance* with the form of the nominating petition and statement of candidacy. *State ex rel. Osborn v. Fairfield Cty. Bd. of Elections* (1992), 65 Ohio St.3d 194, 196-197, 602 N.E.2d 636, 638 ("R.C. 3513.261 requires only substantial compliance with the form of the statement of the candidacy"). Therefore, Wearsch needed only to substantially comply with the form requirements in R.C. 3513.261.

**{¶ 17}** The cases cited by Phillips in his protest and supplemental memorandum in support of his proposition that Wearsch failed to strictly comply with the requirements of R.C. 3513.261 are inapposite. See, *e.g., State ex rel. Clinard v. Greene Cty. Bd. of Elections* (1990), 51 Ohio St.3d 87, 554 N.E.2d 895; *State ex rel. Calhoun v. Scioto Cty. Bd. of Elections* (1988), 36 Ohio St.3d 164, 522 N.E.2d 49; *State ex rel. McGinley v. Bliss* (1948), 149 Ohio St. 329, 37 O.O. 21, 78 N.E.2d 715. These cases construed *strict* statutory requirements regarding the commencement date for declarations of judicial candidacies. See R.C. 3513.08. The requirements contained in R.C. 3513.261 regarding the form of the nominating petition and statement of candidacy demand only *substantial compliance*. *Osborn*, 65 Ohio St.3d at 196-197, 602 N.E.2d at 638.

**{¶ 18}** Phillips now claims that Wearsch also failed to *substantially comply* with R.C. 3513.261. But he never specifically raised this argument in his protest or his supplemental memorandum in support of his protest, instead confining his contention to the petition's failure to *strictly comply* with allegedly mandatory statutory requirements. See *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections* (1997), 80 Ohio St.3d 302, 308, 686 N.E.2d 238, 243

("[B]ecause the alleged substantive petition defects now raised by Meyer in this action were not specified in her protest, we need not consider these issues").

{¶ 19} Even assuming that Phillips's claim is properly before us, it lacks merit. In *State ex rel. Hanna v. Milburn* (1959), 170 Ohio St. 9, 9 O.O.2d 332, 161 N.E.2d 891, we denied a writ of prohibition to prevent a board of elections and its members and clerk from certifying and placing names of candidates who had put the incorrect commencement term of the elective offices on their nominating petitions. In so holding, we concluded that R.C. 3513.261 requires that a candidate specify only whether he is running for a full term or an unexpired term and if it is an unexpired term, he must indicate the date when the term ends:

"An examination of this statute shows that in no place is a candidate required to set forth the date of the commencement of his term. *It is only required that the candidate specify whether he is running for a full term or an unexpired term and if it is an unexpired term then he must set forth not the date of the commencement of the term but rather the date when such term ends*. The inclusion in the present case of the date of the commencement of the terms constituted a mere surplusage which in no way affected the validity of the petitions." (Emphasis added in part.) *Id.* at 13, 9 O.O.2d at 334, 161 N.E.2d at 894.

{¶ 20} Based on *Hanna*, once Wearsch designated in his nominating petition and statement of candidacy that he desired to be a candidate for election to the office of Council at Large in Avon for the *full term* to be held at the general election on November 6, 2001, he did not need to put a date when the term ended. This additional information—which related to candidates running for an unexpired term—constituted mere surplusage that in no way affected the validity of the petition. All of the available Council at Large seats had the same term of office.

{¶ 21} In contrasting the R.C. 3513.261 requirements to R.C. 3513.08, which contains a strict declaration-of-candidacy requirement for judicial candidates to specify a commencement of term date, we held:

"It is seen that the General Assembly recognized that because of the staggered dates such information is necessary for an accurate description of the office. No such necessity exists in the present case, as a mere description of the office by title is sufficient.

"Where a public office is of such a nature that in accurately describing it it is necessary to state not only the title but also the time of its commencement, then failure to accurately state the date of commencement of the term will invalidate a nominating petition. On the other hand, where the public office sought is of such a nature that it may be accurately described without pin pointing the date of the commencement of the term, a slight error in the insertion of the date which does not mislead the signers of the petition does not invalidate the petition." *Id.* at 14, 9 O.O.2d at 334, 161 N.E.2d at 895.

{¶ 22} Similarly, under R.C. 3513.261, the public office sought by Wearsch is accurately described by noting that it is for a full term without specifying the end of the term. The term-ending dates are not required to distinguish between races. There is also no evidence that term dates added by Wearsch misled petition signers so that electors would not have signed the petition if they had known of the correct ending date for the full term sought by Wearsch. This case is not comparable to *State ex rel. Wiethe v. Hamilton Cty. Bd. of Elections* (1954), 98 Ohio App. 89, 57 O.O. 181, 128 N.E.2d 121, cited by Phillips, because in that case, the person seeking the elective office stated that he was a candidate for a precinct office instead of a ward office.

{¶ 23} Finally, Phillips claims that he is entitled to the writ because the board did not properly set the protest hearing under R.C. 3513.263, which provides that "[u]pon the filing of such protests, the election officials with whom it is filed shall promptly fix the time and place for hearing it." The purpose, however, of the timing requirements of R.C. 3513.263 is to have election officials act promptly; they are not designed to render invalid an otherwise valid petition nor to give

8

validity to an invalid petition when not acted upon within the proper time. See, *e.g., State ex rel. Svete v. Geauga Cty. Bd. of Elections* (1965), 4 Ohio St.2d 16, 17, 33 O.O.2d 139, 140, 212 N.E.2d 420, 421 ("The mere failure of the board to declare the petition void within the statutory time does not render the petition valid since the statute does not state that the petition shall be valid if not declared void by the board within the time named in the statute"); *State ex rel. Hinkle v. Franklin Cty. Bd. of Elections* (1991), 62 Ohio St.3d 145, 150, 580 N.E.2d 767, 771. Phillips cites no applicable authority to the contrary.

**{¶ 24}** Based on the foregoing, the board of elections neither abused its discretion nor clearly disregarded R.C. 3513.261 in denying Phillips's protest. No vital public purpose or public interest is served by denying Wearsch's candidacy here, and we "must avoid unduly technical interpretations that impede the public policy favoring free, competitive elections." *State ex rel. Ruehlmann v. Luken* (1992), 65 Ohio St.3d 1, 3, 598 N.E.2d 1149, 1151; cf. *Stern v. Cuyahoga Cty. Bd. of Elections* (1968), 14 Ohio St.2d 175, 180, 43 O.O.2d 286, 289, 237 N.E.2d 313, 317 ("Absolute compliance with every technicality should not be required in order to constitute substantial compliance, unless such complete and absolute conformance to each technical requirement of the printed form serves a public interest and a public purpose"). Therefore, Phillips has not established his entitlement to the requested extraordinary relief in prohibition and we deny the writ.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Phillips & Co., L.P.A.*, and *Gerald W. Phillips*, *pro se*.

*Gregory A. White*, Lorain County Prosecuting Attorney, and *Gerald A. Innes*, Assistant Prosecuting Attorney, for respondent.

————————————