OPINION AND JOURNAL ENTRY
{¶ 1} On September 17, 2003, Petitioner, Lisa Oles acting pro se, filed this original mandamus action to compel Respondents, Mahoning County Board of Elections, et al, to remove Linda Marie Roca's name from the ballot as candidate for Austintown Township Trustee. Oles based her petition upon the alleged insufficiency of Roca's petition for candidacy due to the printing of one of the signator's names. Oles claims that the printing of the signature on the petition deems it invalid. Significantly, without this signature, Roca would not have a sufficient amount of signatures to have her name placed on the ballot. By challenging the propriety of Roca's candidacy by filing an extraordinary writ, Oles has attempted to invoke the original jurisdiction of this court.
 {¶ 2} Jurisdiction of the courts of appeals in hearing original mandamus actions is grounded in the Ohio Constitution, Article IV, Section 3 and R.C. 2731.02. Article IV, Section 3(B)(1) provides in pertinent part: "The courts of appeals shall have original jurisdiction in the following: * * * (b) Mandamus; * * *." R.C. 2731.02 provides in pertinent part: "The writ of mandamus may be allowed by the supreme court, the court of appeals, or the court of common pleas and shall be issued by the clerk of the court in which the application is made."
 {¶ 3} For a writ of mandamus to issue, the relator must demonstrate: (1) that the relator has no plain and adequate remedy in the course of law; (2) that the respondent is under a clear legal duty to perform some act or acts; and (3) that relator has a clear legal right to the relief prayed for. See State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28. See, also, R.C. 2731.05.
 {¶ 4} Because R.C. 3501.38 requires that all signatures on candidacy petitions must be in cursive, the Ohio Supreme Court has found that printed names should be deemed invalid. State ex rel Rogers v. Taft
(1992), 64 Ohio St.3d 193. So, Oles requests this Court to: (1) halt any and all printing of absentee ballots until the case is heard; (2) adhere to Supreme Court rulings regarding the invalidity of printed names on ballots; and, (3) find Roca's petition for candidacy to be invalid based upon insufficient signatures.
 {¶ 5} Although Oles' assertions could potentially have merit, we conclude that we do not have jurisdiction to address her claim. When the allegations of a mandamus complaint establish that the true objectives are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action and must be dismissed for want of jurisdiction. Whitman v. Hamilton Cty. Bd. of Elections, 97 Ohio St.3d 216,2002-Ohio-5923, 778 N.E.2d 32, see, also, State ex rel. Denton v.Bedinghaus, 98 Ohio St.3d 298, 2003-Ohio-861.
 {¶ 6} In Whitman, much like in the present case, the relator sought to prevent the inclusion of a candidate's name on a ballot. The Supreme Court found that the mandamus claim was "an ill-disguised request for prohibitory injunctive relief: to prevent Nelson's candidacy at the November 5, 2002 general election." Whitman at ¶ 8. The court explained:
 {¶ 7} "In general, if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction." Stateex rel. Phillips v. Lorain Cty. Bd. of Elections (2001), 93 Ohio St.3d 535,537, 757 N.E.2d 319, quoting State ex rel. Grendell v. Davidson (1999),86 Ohio St.3d 629, 634, 716 N.E.2d 704.
 {¶ 8} "Like the relator in State ex rel. Cunningham v. AmerCunningham Co., L.P.A. (2002), 94 Ohio St.3d 323, 324, 762 N.E.2d 1012, Whitman attempts to couch his claim in terms of compelling affirmative duties on the part of respondents — to remove Nelson's name from the ballot if it has already been placed on it. But since the manifest objective of his claim is to prohibit Nelson's candidacy, mandamus is as inappropriate as it was in Cunningham." Id. at ¶ 9.
 {¶ 9} The court then concluded that it lacked jurisdiction over the mandamus claim, and as in comparable expedited election cases, the court dismissed it. See Phillips, 93 Ohio St.3d at 537, 757 N.E.2d 319;State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections (1995),72 Ohio St.3d 69, 70-71, 647 N.E.2d 769.
 {¶ 10} Likewise, in the present case, Oles requests that this court prohibit Roca's candidacy via writ of mandamus. Since in actuality, she is really seeking a declaratory judgment and a prohibitory injunction, this court may not exercise its original jurisdiction over this claim.
 {¶ 11} Accordingly, this petition is dismissed for lack of jurisdiction. Costs taxed to Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.
Waite, P.J., Vukovich and DeGenaro, JJ., concur.