## STATE ex rel. WALLS

v.

## HARDIN COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Walls v. Hardin Cty. Bd. of Elections,*
156 Ohio App.3d 55, 2004-Ohio-572.]

Court of Appeals of Ohio,
Third District, Hardin County.

No. 6–04–01.

Decided Feb. 10, 2004.

56

James C. King, for relator.

Anthony L. Geiger, Special Prosecuting Attorney, for respondent.

Per Curiam.

{¶ 1} This cause comes on for final determination of relator William R. Walls's complaint for writ of mandamus seeking an order compelling respondent, Hardin County Board of Elections, to remove Leonard K. Smith, M.D., as a candidate for the office of Hardin County Coroner in the March 2, 2004 primary election.

{¶ 2} The court has before it relator's complaint and, in response to an expedited scheduling order, respondent's answer and the parties' merit briefs and stipulation of facts. The following facts are gleaned from these documents.

{¶ 3} Dr. Smith filed a nominating petition with respondent to be placed on the March 2, 2004 primary ballot as a candidate for the position of Hardin County Coroner. Relator then filed a timely protest of Dr. Smith's candidacy, asserting that Dr. Smith failed to meet the statutory requirements to be eligible for the office of coroner, as defined in R.C. 313.02. Specifically, relator maintained that Dr. Smith will not be licensed for a period of two years immediately preceding the election to the office and will not be "in good standing in the profession."

{¶ 4} It is stipulated by the parties that Dr. Smith's certificate to practice medicine was suspended by the State Medical Board of Ohio for 120 days, effective December 22, 2001, through April 20, 2002, and that Dr. Smith was subsequently placed on probation for a period of at least five years. The terms of probation require, inter alia, that Dr. Smith appear for scheduled interviews before the board, provide documentation of completion of a course dealing with substance abuse, and not prescribe or dispense any controlled substance anorectics without prior board approval.

{¶ 5} On January 7, 2004, respondent conducted a hearing on the protest; however, there was no sworn testimony or evidence presented. Rather, in a brief exchange, relator spoke and explained his reasons for filing the protest letter, and the various board members provided their personal opinions and rationale in favor of certification. The result was a unanimous rejection of the protest and certification of Dr. Smith's candidacy. The instant action was commenced soon thereafter.

{¶ 6} For the reasons that follow, the court finds that the complaint for writ of mandamus should be dismissed. Furthermore, even if the complaint was converted to one in prohibition, as requested in relator's brief, we cannot say that respondent abused its discretion or acted in clear disregard of the law based on the evidence presented.

{¶ 7} In order to be entitled to extraordinary relief in mandamus, a relator must establish that he has a clear legal right to the relief prayed for, a corresponding clear legal duty on the part of respondent, and the lack of an adequate remedy in the ordinary course of the law. See *State ex rel. Ferguson v. Court of Claims of Ohio, Victims of Crime Div.*, 98 Ohio St.3d 399, 2003-Ohio-1631, ¶ 10.

{¶ 8} However, if the allegations of a complaint for writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction. *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 716 N.E.2d 704; *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections* (1995), 72 Ohio St.3d 69, 647 N.E.2d 769.

{¶ 9} In the instant case, the court finds that the objects of relator's complaint are declaratory judgment and prohibitory injunction. Respondent made its determination regarding the merits of relator's protest and certified Dr. Smith's candidacy. Prohibiting Dr. Smith's candidacy and removing his name from the ballot, at this time, are not an affirmative "legal duty" to compel. Rather, a declaration as to the propriety of respondent's determination and a corresponding injunction are required, and this court lacks original jurisdiction for both.

{¶ 10} Nor does an ill-disguised request for prohibitory injunctive relief state a claim for relief in mandamus. *Whitman v. Hamilton Cty. Bd. of Elections*, 97 Ohio St.3d 216, 2002-Ohio-5923, 778 N.E.2d 32. See, also, *State ex rel. Phillips v. Lorain Cty. Bd. of Elections* (2001), 93 Ohio St.3d 535, 537, 757 N.E.2d 319; *Oles v. Blackwell*, 7th Dist. No. 03 MA 170, 2003-Ohio-5304, 2003 WL 22284049.

{¶ 11} Furthermore, the court finds that converting relator's complaint to a request for relief in prohibition, in this circumstance, would not change the result. "In extraordinary actions challenging the decisions of the Secretary of State and boards of elections, the standard is whether they engaged in fraud, corruption, or abuse of discretion, or acted in clear disregard of applicable legal provisions." *Whitman v. Hamilton Cty. Bd. of Elections*, 97 Ohio St.3d 216, 2002-Ohio-5923, 778 N.E.2d 32, ¶ 11.

{¶ 12} There is no fraud or corruption allegation by relator. Consequently, the dispositive issue is whether respondent abused its discretion or clearly disregarded applicable law in denying relator's protest challenging Dr. Smith's eligibility for the office of coroner. Our review of the "evidence" before respondent shows neither.

{¶ 13} Dr. Smith will be licensed for a period of two years immediately preceding the election to the office of coroner. R.C. 313.02. The suspension of his license expired on April 20, 2002. The date of the primary election, March 2, 2004, is irrelevant in this instance. A primary election is held for the purpose of nominating persons as candidates of political parties for election to offices to be voted for at the succeeding general election. R.C. 3513.01. Dr. Smith will be licensed for a period of two years immediately preceding the general election for the office of coroner, in November 2004.

{¶ 14} Moreover, the only evidence presented to show that Dr. Smith was not "in good standing in the profession" was the stipulation and related documents showing that Dr. Smith's license had at one time been suspended and that he is currently on "probation." It was alleged by relator that the State Medical Board refused to provide any determination of professional standing, and there is no such declaration from the State Medical Board in its disciplinary order. Indeed, there is no statutory definition of "good standing in the medical profession" in the Revised Code, and there is no indication in the record that the State Medical Board has ever defined or utilized the term "good standing" for holders of a medical license.[1]

{¶ 15} As a result, while relator and the individual members of respondent apparently relied on their own opinion as to what the term "in good standing in the profession" implies, and while this court may or may not agree with those conclusions, we cannot say that respondent abused its discretion or disregarded the law in denying the protest under these circumstances.

{¶ 16} Accordingly, for these reasons, the court finds that the respondent's request to dismiss the complaint for writ of mandamus is well taken.

{¶ 17} It is therefore ordered that relator's complaint for writ of mandamus be, and hereby is, dismissed at the costs of the relator for which judgment is hereby rendered.

Complaint dismissed.

SHAW, P.J., CUPP and THOMAS F. BRYANT, JJ., concur.

---

1. The Opinion of the Ohio Attorney General, concluding that a physician must hold an unrestricted certificate to be "in good standing in the profession," is void of authority and weight, as the opinion is based on undocumented contact with an unnamed "representative" of the State Medical Board. See 2002 Ohio Atty.Gen.Ops. No. 015.