THE STATE, EX REL. CLINARD, *v.* GREENE COUNTY [BOARD OF ELECTIONS].

[Cite as State, ex rel. Clinard, *v.* Greene Cty. Bd. of Elections (1990),
51 Ohio St. 3d 87.]

(No. 90-642—Submitted and decided May 3, 1990.)

*William F. Clinard, pro se.*

*William F. Schenck,* prosecuting

attorney, *Thomas M. Rose* and *Margaret E. Wittmer,* for respondent.

*Per Curiam.* In Count I of his complaint, relator alleges that the director of the respondent Greene County Board of Elections misled him so that he placed the wrong date for the common pleas judgeship, civil and criminal division, on the declaration of candidacy. In *State, ex rel. Senn,* v. *Bd. of Elections* (1977), 51 Ohio St. 2d 173, 175, 5 O.O. 3d 381, 382, 367 N.E. 2d 879, 880, we stated that a board of election's decisions on matters of sufficiency and validity of petitions are subject to review for allegations of fraud, corruption, abuse of discretion, or a clear disregard of statutes or applicable legal provisions. Therefore, because relator could have proved facts entitling him to relief on one of these bases, we overrule the motion to dismiss the claim for failure to state a claim on which relief can be granted. However, relator has introduced no evidence or even argument to substantiate the allegations of misrepresentation stated in the complaint and has, therefore, failed to sustain his burden of proof as to any fraud, corruption, or abuse of discretion. As to clear disregard of statutes or applicable legal provisions, in *State, ex rel. Calhoun,* v. *Scioto Cty. Bd. of Elections* (1988), 36 Ohio St. 3d 164, 522 N.E. 2d 49, citing earlier cases, we reaffirmed as mandatory the requirement in R.C. 3513.08 that the declaration of candidacy state the commencement date of the term sought. Moreover, R.C. 3501.38(I) declares that petitions, once filed, cannot be altered. Therefore, respondent did not disregard statutes or applicable legal provisions by invalidating relator's declaration of candidacy and petitions for common pleas judge of the civil and criminal division; it followed them.

As to Count II of the complaint, relator contends that respondent abused its discretion by invalidating his declaration of candidacy and petitions for judge of the domestic relations division on a finding that he is not an elector of Greene County. We have reviewed the transcript of the protest hearing on the matter and find that substantial evidence was presented by way of exhibits and testimony on which respondent could have concluded that relator was a resident of either Montgomery or Greene County. R.C. 3513.05 states that the board's decision is final on such matters, and we have declined to overrule these decisions, again, absent a showing of fraud, corruption, abuse of discretion, or clear disregard of statutes or applicable legal provisions. *State, ex rel. Flynn,* v. *Bd. of Elections* (1955), 164 Ohio St. 193, 57 O.O. 402, 129 N.E. 2d 623, paragraph one of the syllabus, overruled on other grounds, *State, ex rel. Schenck,* v. *Shattuck* (1982), 1 Ohio St. 3d 272, 1 OBR 382, 439 N.E. 2d 891. There is no abuse of discretion when the board reaches its decision based on substantial though conflicting evidence.

Relator has failed to prove fraud, corruption, abuse of discretion, or clear disregard of statutes or applicable legal provisions as to either count of his complaint. Accordingly, although we overrule respondent's motion to dismiss, we deny the writ.

*Writ denied.*

MOYER, C.J., HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY, J., dissents.