THE STATE EX REL. COBLE *v.* LUCAS COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *State ex rel. Coble v. Lucas Cty. Bd. of Elections,*

**130 Ohio St.3d 132, 2011-Ohio-4550.**]

*Mandamus—Elections—Withdrawal of candidacy and submission of second nominating petition—R.C. 3513.261 and 3513.052.*

(No. 2011-1371—Submitted September 6, 2011—Decided September 9, 2011.)

IN MANDAMUS.

_____

**Per Curiam.**

**{¶ 1}** This is an expedited election case in which a prospective candidate for municipal court judge seeks a writ of mandamus to compel a board of elections to place his name on the November 8, 2011 election ballot. Because the prospective candidate has established his entitlement to the requested extraordinary relief, we grant the writ.

### Facts

**{¶ 2}** Relator, John Coble, was admitted to practice law in Ohio in 1984, is in good standing, and has been a resident of Ottawa Hills[1] since 1999. According to Coble, he is fully qualified by age, residence, education, standing, and experience to be a candidate for judge of the Toledo Municipal Court.

**{¶ 3}** Coble filed a designation of treasurer with respondent, Lucas County Board of Elections, and took out a nominating petition to run for Toledo Municipal Court judge at the November 8, 2011 election for the term commencing January 3, 2012. A board employee gave him Secretary of State Jon Husted's "2011 Ohio Candidate Requirement Guide." The guide provided that "if

_____

1. Ottawa Hills is within the territorial jurisdiction of the Toledo Municipal Court. R.C. 1901.02(B).

a prospective candidate withdraws his or her candidacy prior to the relevant filing deadline or before the county board of elections acts to disqualify the person's candidacy, the person may re-file as a candidate for the same office or any other office." The deadline to file a nominating petition for the office was July 15, 2011. Coble determined that based on his analysis of the law, the secretary of state's guide, and the election-board staff's advice, he could timely withdraw a defective nominating petition after it was filed but before the board acted upon it, and then file a new petition.

{¶ 4} On May 23, 2011, Coble filed his nominating petition with the board of elections and paid the filing fee. At that time, a board employee advised Coble that he could call to check whether his petition was in order and included enough valid signatures. A board employee later told him that his petition was three valid signatures short of the required number for certification of his candidacy. On June 1, 2011, Coble withdrew his candidacy.

{¶ 5} On June 13, 2011, Coble filed a new nominating petition for the same office and the same election with the board of elections. The next day, when Coble called, a board employee told him that the petition contained sufficient valid signatures and was otherwise acceptable.

{¶ 6} At its July 12 and 21, 2011 meetings, the board of elections tabled consideration of relator's petition so that an opinion could be requested from the secretary of state. On July 22, Secretary of State Husted issued Directive 2011-24, in which he reconsidered the office's previous position and determined that "[a] person who withdraws his or her candidacy for office cannot subsequently file a new declaration of candidacy and petition, or nominating petition, or declaration of intent to be a write-in candidate for the *same office* at the same election." (Emphasis sic.)

**{¶ 7}** On July 29, 2011, the board of elections rejected Coble's nominating petition and refused to certify him as a candidate for Toledo Municipal Court judge at the November 8 election.

**{¶ 8}** On August 11, 2011, Coble filed this expedited election action for a writ of mandamus to compel the board of elections to certify him as a candidate for Toledo Municipal Court judge and to place his name on the November 8, 2011 election ballot. The board of elections filed an answer, the secretary of state intervened and filed an answer, and the parties submitted briefs and evidence pursuant to the accelerated schedule in S.Ct.Prac.R. 10.9.

**{¶ 9}** This cause is now before the court for our consideration of the merits.

### Legal Analysis

*Mandamus*

**{¶ 10}** Coble requests a writ of mandamus to compel the board of elections to place his name on the November 8 election ballot as a candidate for Toledo Municipal Court judge for the term commencing January 3, 2012. To be entitled to the writ, Coble has to establish a clear legal right to the requested relief, a clear legal duty on the part of the board to provide it, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Eshleman v. Fornshell*, 125 Ohio St.3d 1, 2010-Ohio-1175, 925 N.E.2d 609, ¶ 20. Because of the proximity of the November 8 election, Coble has established that he lacks an adequate remedy in the ordinary course of law. *State ex rel. Owens v. Brunner*, 125 Ohio St.3d 130, 2010-Ohio-1374, 926 N.E.2d 617, ¶ 25.

**{¶ 11}** For the remaining requirements, Coble claims that the board of elections abused its discretion and clearly disregarded applicable law by following Secretary of State Directive 2011-24 and rejecting his candidacy for municipal

court judge. See *Whitman v. Hamilton Cty. Bd. Of Elections*, 97 Ohio St.3d 216, 2002-Ohio-5923, 778 N.E.2d 32, ¶ 11.[2]

*R.C. 3513.261*

{¶ 12} Under R.C. 1901.07(C)(2), judges in the Toledo Municipal Court "shall be nominated only by petition." R.C. 3513.261 prohibits a board of elections from accepting a nominating petition of a person seeking to be a candidate for a municipal office if that person has already filed a nominating petition to be a candidate for the municipal office at the same election:

{¶ 13} "The secretary of state or *a board of elections shall not accept for filing a nominating petition of a person seeking to become a candidate if that person, for the same election, has already filed* a declaration of candidacy, a declaration of intent to be a write-in candidate, or *a nominating petition*, or has become a candidate through party nomination at a primary election or by the filling of a vacancy under section 3513.30 or 3513.31 of the Revised Code for any federal, state, or county office, if the nominating petition is for a state or county office, or *for any municipal* or township *office*, for member of a city, local, or exempted village board of education, or for member of a governing board of an educational service center, *if the nominating petition is for a municipal* or township *office*, or for member of a city, local, or exempted village board of education, or for member of a governing board of an educational service center." (Emphasis added.)

---

2. Although the secretary of state correctly observes that boards of elections have a duty to "[p]erform other duties as prescribed by law or the rules, directives, or advisories of the secretary of state," R.C. 3501.11(P), that provision does not insulate elections boards from actions challenging their decisions based on rules, directives, or advisories issued by the secretary that are ultimately determined to be erroneous or inapplicable. See *In re Election of Member of Rock Hill Bd. of Edn.* (1996), 76 Ohio St.3d 601, 609-610, 669 N.E.2d 1116 (board of elections could not rely on secretary of state advisory opinion that erroneously interpreted election statute); *State ex rel. Allen v. Warren Cty. Bd. of Elections*, 115 Ohio St.3d 186, 2007-Ohio-4752, 874 N.E.2d 507, ¶ 16-17 (board of elections erred in relying on an inapplicable secretary of state advisory opinion).

**{¶ 14}** R.C. 3513.05 (concerning partisan candidates, who must file a declaration of candidacy and petition) and 3513.041 (concerning write-in candidates, who must file a declaration of intent to be a write-in candidate) contain comparable prohibitions.

**{¶ 15}** Over five years ago, we construed these provisions in *State ex rel. Canales-Flores v. Lucas Cty. Bd. Of Elections*, 108 Ohio St.3d 129, 2005-Ohio-5642, 841 N.E.2d 757. In that case, a prospective candidate for the Toledo City Council filed a defective nominating petition, and after a hearing on a protest against that petition, her candidacy was rejected. The person then filed a new nominating petition to become a candidate for the same office at the same election, and after the board refused to accept it, she filed an expedited election action in which she sought a writ of mandamus to compel the board of elections to place her name on the ballot. We denied the writ on the basis that the board of elections had neither abused its discretion nor clearly disregarded applicable law by ruling her first nominating petition to be invalid or by refusing to accept her second nominating petition. Id. at ¶ 19, 42.

**{¶ 16}** In upholding the board's refusal to accept her second nominating petition, we held that the plain language of the applicable statutes, including R.C. 3513.261, justified the board's decision:

**{¶ 17}** "The plain language of R.C. 3513.261 and 3513.05 prevented the board of elections from accepting Canales-Flores's second nominating petition for filing because she had already filed a nominating petition for a municipal office—Member of Toledo City Council, District Six—for the same election. The phrase '*any* municipal * * * office' is worded broadly enough to encompass a previous nominating petition for the *same* municipal office. (Emphasis added.)" Id. at ¶ 26.

**{¶ 18}** Likewise, Coble had previously filed a nominating petition for the same municipal office—Toledo Municipal Court judge for the term beginning

January 3, 2012—for the same election—November 8, 2011. Therefore, absent an applicable exception, R.C. 3513.261 barred him from filing his second nominating petition.

*R.C. 3513.052(G)*

{¶ 19} Nevertheless, for the following reasons, R.C. 3513.261 did not bar Coble's candidacy for municipal court judge based on his second nominating petition.

{¶ 20} Initially, although the plain language of R.C. 3513.261 standing alone would prevent Coble's second nominating petition, the equally unambiguous language of R.C. 3513.052(G) permitted Coble to timely withdraw his first petition and to file his second petition notwithstanding R.C. 3513.261:

{¶ 21} "*Nothing in* this section or *section* 3513.04, 3513.041, 3513.05, 3513.251, 3513.253, 3513.254, 3513.255, 3513.257, 3513.259, or *3513.261 of the Revised Code prohibits, and the secretary of state or a board of elections shall not disqualify, a person from being a candidate for an office, if that person timely withdraws as a candidate* for any offices specified in division (A) of this section for which that person first sought to become a candidate by filing a declaration of candidacy and petition, a declaration of intent to be a write-in candidate, or a nominating petition, by party nomination in a primary election, or by the filling of a vacancy under section 3513.30 or 3513.31 of the Revised Code." (Emphasis added.)

{¶ 22} R.C. 3513.052(H) provides:

{¶ 23} "As used in this section:

{¶ 24} "* * *

{¶ 25} "(2) 'Timely withdraws' means either of the following:

{¶ 26} "(a) Withdrawing as a candidate before the applicable deadline for filing a declaration of candidacy, declaration of intent to be a write-in candidate,

6

or nominating petition for the subsequent office for which the person is seeking to become a candidate at the same election."

{¶ 27} Coble timely withdrew as a candidate for municipal court judge before the applicable filing deadline of July 15, 2011, and timely submitted his subsequent nominating petition for the same office before that deadline. See R.C. 3513.052(H)(2). The office for which he withdrew his candidacy—municipal court judge—is one of the offices specified in R.C. 3513.052(A), i.e., a municipal office. See R.C. 3513.052(A)(5). Therefore, under the manifest language of the pertinent statutes, Coble timely withdrew his candidacy for municipal court judge based on his first petition, and nothing in R.C. 3513.261 prevented him from becoming a candidate for the same office at the same election based on his second petition. Because the language of R.C. 3513.052(G) is unambiguous, we cannot add language to it or delete language from it. *State ex rel. Stoll v. Logan Cty. Bd. Of Elections*, 117 Ohio St.3d 76, 2008-Ohio-333, 881 N.E.2d 1214, ¶ 39.

{¶ 28} Moreover, the mere fact that the General Assembly placed R.C. 3513.052(G) and (H) within that statute and did not include them either within R.C. 3513.261, 3513.05, or 3513.041 or in a separate statute does not mean that the exceptions do not apply to these latter statutes when the second nominating petition, declaration of candidacy, or declaration of intent to be a write-in candidate is for the same office at the same election.

{¶ 29} It is certainly true that "[i]n reviewing a statute, a court cannot pick out one sentence and disassociate it from the context, but must look to the four corners of the enactment to determine the intent of the enacting body." *State v. Wilson* (1997), 77 Ohio St.3d 334, 336, 673 N.E.2d 1347; see also *State v. Jackson*, 102 Ohio St.3d 380, 2004-Ohio-3206, 811 N.E.2d 68, ¶ 34 (applying the foregoing rule of construction to an election statute).

{¶ 30} But the "enactment" here *is not simply the Revised Code section–* R.C. 3513.052—*but the entire act itself*, H.B. 445. H.B. 445 enacted R.C.

3513.052, but at the same time, it also enacted those provisions in R.C. 3513.261, 3513.05, and 3513.041 generally precluding a second nominating petition or declaration for the specified offices for the same election. Therefore, the legislative history of H.B. 445 supports what the plain language of R.C. 3513.052(G) provides—that the prohibition listed in R.C. 3513.261 and the other specified statutes does not bar a candidate from timely withdrawing a prior candidacy and resubmitting a timely candidacy for *the same office or another office* at the same election. That is, R.C. 3513.052(G) is not merely an exception to the multiple-offices-candidacies provision of R.C. 3513.052(A); it is also an exception to the other specified provisions, including R.C. 3513.261.

{¶ 31} Furthermore, *Canales-Flores* does not require a different result. The board of elections and secretary of state rely on ¶ 34 of that opinion.[3] In that case, however, our holding was limited to the following principle: "R.C. 3513.052 does not prevent the application of R.C. 3513.261 and 3513.05 to bar a second nominating petition for the same office at the same election after the first nominating petition has been ruled invalid." Id. at ¶ 36. Unlike Coble's first petition, Canales-Flores's first petition was ruled invalid following a protest hearing. Id. at ¶ 6, 19. And Canales-Flores never timely withdrew her candidacy based on the first petition. Id. at ¶ 35. Thus, the paragraph that both the board of elections and the secretary of state relied on from that case was not—as the secretary of state claims—"essential" to our "ultimate holding"; instead, the paragraph was unnecessary to the court's holding and was thus dicta. Id. at ¶ 34.

---

3. That paragraph provided: "R.C. 3513.052, however, does not support Canales-Flores's claim. The statute is expressly directed to forbidding persons to seek *multiple offices* at the same election. See R.C. 3513.052(A). R.C. 3513.052(G) provides a method for a person to avoid violating the multiple-office-candidacies prohibition of R.C. 3513.052(A) through the mechanism of a timely withdrawal of an initial candidacy for an office at the same election." (Emphasis sic.) 108 Ohio St.3d 129, 2005-Ohio-5642, 841 N.E.2d 757, ¶ 34.

**{¶ 32}** Finally, this result "is also consistent with our duty to liberally construe words limiting the right of a person to hold office in favor of those seeking to hold office so that the public may have the benefit of choice from all qualified persons." *State ex rel. Reese v. Cuyahoga Cty. Bd. Of Elections*, 115 Ohio St.3d 126, 2007-Ohio-4588, 873 N.E.2d 1251, ¶ 34.

**{¶ 33}** Therefore, the board of elections abused its discretion and clearly disregarded applicable law—R.C. 3513.052(G)—by rejecting Coble's candidacy for Toledo Municipal Court judge for the term commencing January 3, 2012, at the November 8, 2011 election.

### Conclusion

**{¶ 34}** Based on the foregoing, Coble has established his entitlement to the requested extraordinary relief in mandamus. Consequently, we grant a writ of mandamus to compel the board of elections to place Coble's name on the November 8 election ballot.

Writ granted.

O'CONNOR, C.J., and O'DONNELL, CUPP, and MCGEE BROWN, JJ., concur.

PFEIFER AND LUNDBERG STRATTON, JJ., concur in judgment.

LANZINGER, J., dissents.

_____

**PFEIFER, J., concurring.**

**{¶ 35}** I concur in judgment. However, I believe this court should simply overrule *State ex rel. Canales-Flores v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 129, 2005-Ohio-5642, 841 N.E.2d 757. Its holding was as wrong as its dicta.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

_____

**LANZINGER, J., dissenting.**

**{¶ 36}** The secretary of state based Directive 2011-24 on our explanation of R.C. 3513.052(G) and (H) in *State ex rel. Canales-Flores v. Lucas Cty. Bd. of Elections,* 108 Ohio St.3d 129, 2005-Ohio-5642, 841 N.E.2d 757, ¶ 34-36. At that time, the secretary's interpretation was reasonable on the basis of that case. However, we are now disavowing our reading of the pertinent statutes to allow any candidate to withdraw a petition and file a second petition for the same office before the filing deadline. The secretary and the Lucas County Board of Elections could not have anticipated this retreat.

**{¶ 37}** Reliance on this court's pronouncements cannot be considered an abuse of discretion or a clear disregard of applicable law. I would therefore defer to the reasonable interpretation of the secretary of state, see *State ex rel. Lucas Cty. Republican Party Executive Commt. v. Brunner,* 125 Ohio St.3d 427, 2010-Ohio-1873, 928 N.E.2d 1072, ¶ 23. I respectfully dissent.

_____

Kerger & Hartman, L.L.C., and Stephen D. Hartman, for relator.

Julia R. Bates, Lucas County Prosecuting Attorney, and Andrew K. Ranazzi, Assistant Prosecuting Attorney, for respondent.

Mike DeWine, Attorney General, and Richard N. Coglianese and Erick D. Gale, Assistant Attorneys General, for intervening respondent.

_____