[Cite as *Nelnet, Inc. v. Rauch*, 2019-Ohio-561.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Nelnet, Inc., | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 18AP-555 |
| | | (C.P.C. No. 10CV-19008) |
| Emily K. Rauch et al., | : | |
| Defendants-Appellants, | : | (ACCELERATED CALENDAR) |
| [Jacob A. Schlosser, Administrator of the Estate of Emily K. Rauch, Deceased, | : | |
| | : | |
| Appellant]. | : | |
| | : | |

D E C I S I O N

Rendered on February 14, 2019

**On brief:** *Arthur G. Wesner,* for appellants. **Argued:** *Arthur G. Wesner.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendants-appellants, Dennis M. Rauch, Laurie Kitzmiller, Lisa Ray, and Jacob A. Schlosser, administrator of the estate of Emily K. Rauch (collectively, "appellants"), appeal from an order of the Franklin County Court of Common Pleas granting appellants' motion to declare void the court's foreclosure judgment in favor of plaintiff-appellee, Nelnet, Inc. ("Nelnet"). For the reasons that follow, we affirm.

I. Facts and Procedural History

{¶ 2} In April 1999, Emily K. Rauch purchased property in Franklin County, Ohio, identified as parcel number 170-000917-00, located at 1296 Oak Hill Road, Blacklick, Ohio, 43004. Appellants assert that Emily occupied the residence at that address with her husband, Dennis M. Rauch, until her death on March 15, 2008. Emily appears to have died

intestate, survived by Dennis and two adult daughters, Laurie Kitzmiller and Lisa Ray. At some point, the real estate taxes on the property became delinquent.

{¶ 3}   On November 9, 2009, Nelnet purchased a tax certificate for delinquent real estate taxes from the Franklin County Treasurer on parcel number 170-000917-00. The tax certificate identified the property address as 1296 Oak Hill Road, but did not indicate the city where the property was located. The tax certificate identified the parcel owner as Emily K. Rauch. On September 20, 2010, Nelnet purchased a second tax certificate for delinquent real estate taxes from the Franklin County Treasurer on parcel number 170-000917-00. This second tax certificate identified the property address as 1296 Oak Hill Road, but did not indicate the city where the property was located. The second tax certificate identified the parcel owner as Emily K. Rauch. The total purchase price for the two tax certificates was $11,377.88.

{¶ 4}   On December 30, 2010, Nelnet filed a complaint for foreclosure on the two tax certificates, naming as defendants Emily K. Rauch, the unknown spouse of Emily K. Rauch, and the unknown heirs of Emily K. Rauch. The complaint listed defendants' addresses as 1296 Oak Hill Road, Columbus, Ohio 43220. Service by certified mail on the defendants at 1296 Oak Hill Road, Columbus, Ohio 43220 was returned as undeliverable, indicating "attempted not known." In May 2011, the trial court issued a case management order requiring Nelnet's attorneys to personally certify the authenticity and accuracy of all documents submitted in support of judgment. Service of that order by regular mail on the defendants at 1296 Oak Hill Road, Columbus, Ohio 43220 was returned as undeliverable, indicating "no such number."

{¶ 5}   In August 2011, one of Nelnet's attorneys filed an affidavit requesting service by publication and attesting that defendants' last known address was 1296 Oak Hill Road, Columbus, Ohio 43220, and that service could not be made on them because their residence was unknown and could not be ascertained with reasonable diligence. The proposed publication notice referred to the subject property as 1296 Oak Hill Road, Columbus, Ohio 43220. On September 13, 2011, proof of publication in The Daily Reporter newspaper on three different dates was filed with the trial court. On October 28, 2011, Nelnet filed a motion for default judgment. The trial court granted Nelnet's motion and issued a judgment of foreclosure on November 16, 2011. On June 8, 2012, the property was sold at

a sheriff's sale to Todd A. Espenschied, Mark S. Pratt, Joe Hakim, Mohammed G. Ammar, Premium Financial Corporation, and Rockingham Properties, Ltd. ("the Espenschied group") for $55,000. The notices that the property would be sold at a sheriff's sale and the sheriff's return of order of sale referred to the property address as 1296 Oak Hill Road, Columbus, Ohio 43220. On or about August 7, 2013, the Espenschied group sold the property to Luke A. Boggs and Rose E. Lane. The General Warranty Deed conveying the property from the Espenschied group to Boggs and Lane identified the property as parcel number 170-000917 and referred to the property address as 1296 Oak Hill Road, Blacklick, Ohio 43004.

{¶ 6} On August 8, 2017, appellants filed a motion to declare the foreclosure judgment void, asserting the court lacked personal jurisdiction over them due to lack of service. Appellants stated the proper address for the property was 1296 Oak Hill Road, Blacklick, Ohio 43004, and claimed they never received notice of service at that address. Appellants argued Nelnet's attorneys never attempted service at that address, noting the complaint and other documents were sent to 1296 Oak Hill Road, *Columbus*, Ohio *43220*, and returned as undeliverable. Appellants further noted the notices of service issued by publication referred to the property address as 1296 Oak Hill Road, Columbus, Ohio 43220. Nelnet did not respond to the motion. On June 11, 2018, the trial court granted appellants' motion, finding it lacked personal jurisdiction and ordering the foreclosure judgment and all subsequent orders void.

## II. Assignments of Error

{¶ 7} Appellants appeal and assign the following two assignments of error for our review:

> [I.] The Trial Court erred and abused its discretion in ruling (or attempting to rule) that individuals or entities who were not parties to the Foreclosure proceedings and not requesting any relief, had an interest in the outcome of a Foreclosure action which action was ultimately declared void by Court order.
>
> [II.] The Trial Court erred and abused its discretion in ruling (or attempting to rule) that individuals or entities who were not parties to the Foreclosure proceedings and not requesting any relief, had an interest in the outcome of a foreclosure action, which statement or ruling had the direct effect of placing a cloud on the title of the subject property, thereby preventing

the Franklin County Probate Court from selling the subject real
estate free and clear of all possible encumbrances.

Because appellants' two assignments of error are interrelated, we will address them together.

### III. Analysis

{¶ 8}   Although appellants succeeded in having the foreclosure judgment declared void, they assert the trial court erred or abused its discretion when it addressed the status of the current owners of the property.   The trial court's order included the following statement referring to the current owners:

> Furthermore, as the Court stated on the record during the March 27, 2018 hearing in this case, attended by Arthur Wesner, counsel for the heirs of Emily K. Rauch, the current owners of the subject property are not the same individuals who purchased the property at the Sheriff Sale but they are individuals and/or entities who subsequently purchased the property. Therefore, and to the Court's knowledge and understanding based on the record before it, the current owners do not appear to have purchased the property with knowledge of any of the prior transfers and, therefore, they appear to be good-faith purchasers. The Court further notes that, during the hearing, Mr. Wesner advised the Court that he does not wish to pursue a course of action against the current owners of the property.

(June 11, 2018 Entry at 3-4.)

{¶ 9}   Based on our review of the record, it does not appear the current owners of the property were served with appellants' motion to declare the foreclosure motion void or any of the subsequent court filings, nor is there any record the current owners of the property filed an appearance in the trial court.  To the extent there was any information in the record about subsequent owners of the property, it was limited to two pages of the General Warranty Deed granted from the Espenschied group to Boggs and Lane, which was attached as an exhibit to appellants' motion.

{¶ 10} The question before the trial court in ruling on appellants' motion was whether proper service had been made on appellants, such that the court had personal jurisdiction over them.  It was not necessary for the trial court to address the status or rights of the current owners of the property to resolve that question.  Because the statement

regarding the current owners' status as good-faith purchasers was not necessary to the trial court's holding, it constitutes dictum. "Obiter dictum" is defined as "[a] judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential." *Black's Law Dictionary* 1240 (10th Ed.2014). *See State ex rel. Coble v. Lucas Cty. Bd. of Elections*, 130 Ohio St.3d 132, 2011-Ohio-4550, ¶ 31 (concluding that paragraph from an earlier decision was "unnecessary to the court's holding and was thus dicta"); *Bright v. Family Medicine Found., Inc.*, 10th Dist. No. 02AP-1443, 2003-Ohio-6652, ¶ 12 (concluding that statement in prior decision was dictum "because it did not affect the holding of the case"). Alternatively, the court's statement regarding the current owners of the property could be construed as an advisory opinion, which is defined as "[a] nonbinding statement by a court of its interpretation of the law on a matter submitted for that purpose." *Black's* at 1265. *See also State ex rel. Draper v. Wilder*, 145 Ohio St. 447, 455 (1945) ("[A]n advisory opinion is merely the opinion of a judge or judges of a court, which adjudicates noting and is binding on no one.").

{¶ 11} This court has previously held that an advisory opinion is not subject to appeal. *Rupert v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-173, 2017-Ohio-8377, ¶ 33. Similarly, the Second District Court of Appeals has held that a party cannot appeal from dictum. *John G. Black Ents., Inc. v. Centerville City School Bd. of Edn.*, 2d Dist. No. 15036 (Dec. 20, 1995); *Greene Environmental Coalition, Inc. v. Southdown, Inc.*, 2d Dist. No. 92-CA-124 (May 4, 1993); *Walther v. Central Trust Co., N.A.*, 70 Ohio App.3d 26, 34 (2d Dist.1990). As explained above, based on the record in this case, we find the trial court's statement regarding the current owners of the property to be dictum or an advisory opinion; therefore, it is not subject to appeal.

{¶ 12} Accordingly, we overrule appellants' two assignments of error.

## IV. Conclusion

{¶ 13} For the foregoing reasons, we overrule appellants' two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

———————————