**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Renner v. Athens Cty. Bd. of Elections*, Slip Opinion No. 2024-Ohio-356.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-356

THE STATE EX REL. RENNER *v*. ATHENS COUNTY BOARD OF ELECTIONS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Renner v. Athens Cty. Bd. of Elections*, Slip Opinion No. 2024-Ohio-356.]**

*Elections—Mandamus—Writ sought to compel board of elections to certify relator's name to primary-election ballot—Board of elections did not abuse its discretion or act in disregard of applicable legal provisions in invalidating relator's declaration of candidacy and petition—Relator did not correctly withdraw her candidacy under R.C. 3501.38(I)(2)(a)—Relator's attempt to file a second declaration of candidacy and petition was prohibited under R.C. 3501.38(I)(1)—Writ denied.*

(No. 2024-0078—Submitted January 30, 2024—Decided February 1, 2024.)

IN MANDAMUS.

_____

**Per Curiam Opinion announcing the judgment of the court.**

{¶ 1} In this expedited election case, relator, Amy Renner, seeks a writ of mandamus compelling respondent, the Athens County Board of Elections, to certify her name to the March 19, 2024 Democratic Party primary ballot as a candidate for the seat on the Athens County Board of Commissioners commencing January 2, 2025. Alternatively, Renner seeks a writ of mandamus ordering the board to examine and determine the validity of the signatures on her petition, and thereafter certify her name to the ballot. We deny the writ.

## I. BACKGROUND

{¶ 2} Renner is a resident and a qualified elector of Athens County, and she is the current mayor of the Village of Chauncey. She seeks to run in the Democratic Party primary election as a candidate for the seat on the Athens County Board of Commissioners commencing January 2, 2025. R.C. 3513.05 provides that "[e]ach person desiring to become a candidate for a party nomination at a primary election * * * shall, not later than four p.m. of the ninetieth day before the day of the primary election, file a declaration of candidacy and petition." Renner was therefore required to file her declaration of candidacy and petition with the board by 4 p.m. on December 20, 2023, which was 90 days before the March 19, 2024 primary election. The Ohio Secretary of State has prescribed Form No. 2-G ("2-G form") as the form that meets the requirements of R.C. 3513.05 that a person making his or her declaration of candidacy can file with the board of elections. This declaration is made on the top half of the 2-G form, and qualified electors sign the "petition for candidate" on the bottom half of the form.

{¶ 3} On December 15, 2023, Renner filed a 2-G form ("first petition") with the board, declaring, "I desire to be a candidate for nomination to the office of County Commissioner in the County of Athens, Ohio as a member of the Democratic Party for the: full term commencing 1/1/2025."

{¶ 4} There are two seats on the Athens County Board of Commissioners that are up for election in November 2024, but, contrary to what Renner set forth on her first petition, neither seat has a term that commences January 1, 2025. Rather, a term for one of the seats commences January 2, 2025, and the other commences January 3, 2025. *See* R.C. 305.01(B) (staggering the commencement dates for county-commissioner terms).

{¶ 5} Renner attests that on December 18, 2023, the board's director informed her of the mistake on her first petition relating to the incorrect commencement date. Renner then filed a document ("the withdrawal letter") with the board on December 18, asking it to "[p]lease withdraw [her] petitions filed on 12/15/23 for County Commissioner." The board had not taken any formal action on Renner's first petition between the time that she filed it—December 15—and the time that she attempted to withdraw it—December 18.

{¶ 6} On December 20, Renner filed a new 2-G form ("second petition") with the board, this time declaring, "I desire to be a candidate for nomination to the office of Athens County Commissioner in the County of Athens, Ohio as a member of the Democratic Party for the: full term commencing 1-2-2025."

{¶ 7} On December 27, the board held a regular meeting during which it addressed Renner's first petition, withdrawal letter, and second petition. At that meeting, the board did not check the signatures on Renner's first petition, because it contained a "fatal error," namely, Renner's identifying the office she sought as commencing on January 1, 2025. Also at that meeting, the board's legal counsel explained to the board his view that Renner's attempt to withdraw her first petition through her withdrawal letter and then submit a second petition was ineffectual because she did not withdraw her *candidacy*; rather, Renner had only attempted to withdraw her *petition*. In support of his position, the board's counsel invoked R.C. 3501.38(I)(2)(a), which provides that "[n]o declaration of candidacy, nominating petition, or other petition for the purpose of becoming a candidate may be

withdrawn after it is filed in a public office. Nothing in this division prohibits a person from withdrawing as a candidate as otherwise provided by law."

{¶ 8} Counsel also observed that because Renner did not withdraw her candidacy, her second petition constituted an attempt to alter, correct, or add to her first petition, which is prohibited under R.C. 3501.38(I)(1). Counsel thus recommended that the board disapprove Renner's first petition because it contained a "fatal error" and disapprove Renner's second petition as a prohibited alteration, correction, or addition to her first petition. A member of the board moved to follow counsel's recommendation to reject both of Renner's petitions, and the motion passed unanimously.

{¶ 9} On January 16, 2024, Renner brought this expedited election action in mandamus against the board. Renner asks that this court issue a writ of mandamus ordering the board to certify her name to the ballot as a Democratic Party candidate for the office of Athens County Commissioner commencing January 2, 2025, or, alternatively, ordering the board to determine the validity of the signatures on her second petition and thereafter certify her to the primary ballot. As directed by this court's expedited scheduling order, __ Ohio St.3d __, 2024-Ohio-153, __ N.E.3d __, the board answered Renner's complaint, and the parties filed their evidence and briefs.

## II. ANALYSIS

{¶ 10} To be entitled to a writ of mandamus, Renner must establish by clear and convincing evidence that (1) she has a clear legal right to the requested relief, (2) the board has a clear legal duty to provide it, and (3) she does not have an adequate remedy in the ordinary course of the law. *State ex rel. Linnabary v. Husted*, 138 Ohio St.3d 535, 2014-Ohio-1417, 8 N.E.3d 940, ¶ 13. Renner lacks an adequate remedy in the ordinary course of the law due to the proximity of the election, and she therefore meets the third element. *State ex rel. LaChapelle v. Harkey*, __ Ohio St.3d __, 2023-Ohio-2723, __ N.E.3d __, ¶ 8. An analysis under

4

the first two elements requires us to determine "whether the board engaged in fraud or corruption, abused its discretion, or acted in clear disregard of applicable law. *State ex rel. Brubaker v. Lawrence Cty. Bd. of Elections*, 168 Ohio St.3d 211, 2022-Ohio-1087, 197 N.E.3d 548, ¶ 10. According to Renner, the board clearly disregarded applicable law and abused its discretion in failing to certify her to the ballot.

**{¶ 11}** The board determined that Renner's first petition contained a "fatal error." And it further determined that it could not certify her to the ballot based on her withdrawal letter and second petition, principally relying on R.C. 3501.38(I)(2)(a). As we now explain, Renner has not shown that the board abused its discretion or acted in clear disregard of applicable law in making these determinations.

### A. *Renner incorrectly characterizes her first petition as constituting a nullity*

**{¶ 12}** Renner first argues that there should have been no impediment to the board's consideration of her second petition because, she says, her first petition was a nullity. Implicit in Renner's argument is the notion that the board should have ignored her first petition and proceeded straight to considering the validity of her second petition. Had the board done so, the argument runs, there would have been no need for it to have considered the first petition's effect on the second petition. Renner is mistaken.

**{¶ 13}** In support, Renner points to a line of decisions from this court that have construed R.C. 3513.08 within the context of a specified class of judicial elections. The first paragraph of the statute provides that "[e]ach person filing a declaration of candidacy for nomination at a primary election as a candidate for election to" specified judicial offices "shall, if two or more judges of the same court are to be elected at any one election, designate the term of the office for election to which he seeks such nomination by stating therein, if a full term, the date of the commencement of such term." *Id.* The second paragraph of R.C. 3513.08, which

Renner does not dispute applies to her under these circumstances, contains language that is equivalent in all material respects to the class of judicial elections to which the first paragraph of R.C. 3513.08 applies. It provides that "[e]ach person filing a declaration of candidacy for nomination at a primary election as a candidate for election to the office of county commissioner * * * shall, if two or more commissioners of the same county are to be elected at any one election, designate the term of the office for election to which he seeks the nomination by stating therein, if a full term, the date of the commencement of the term." *Id.*

{¶ 14} In enacting R.C. 3513.08, "the General Assembly recognized that because of the staggered dates such information is necessary for an accurate description of the office." *State ex rel. Hanna v. Milburn*, 170 Ohio St. 9, 14, 161 N.E.2d 891 (1959). Thus, "[w]here a public office is of such a nature that in accurately describing [the office] it is necessary to state not only the title but also the time of its commencement, then failure to accurately state the date of commencement of the term will invalidate a nominating petition." *Id.*

{¶ 15} In *State ex rel. Calhoun v. Scioto Cty. Bd. of Elections*, 36 Ohio St.3d 164, 522 N.E.2d 49 (1988), a board of elections invoked R.C. 3513.08 in its refusing to place a prospective judicial candidate on the primary ballot who had failed to specify the date of the commencement of the full term of the office he sought. This court denied the candidate's request for a writ of mandamus to place his name on the ballot, observing that the statute " 'specifically requires a primary candidate to designate both the judicial office and the term for which he seeks nomination, and makes provision for setting forth the full term * * * with dates thereof. *The requirements of that section are mandatory*.' " (Emphasis added in *Calhoun*.) *Calhoun* at 165, quoting *State ex rel. McGinley v. Bliss*, 149 Ohio St. 329, 331, 78 N.E.2d 715 (1948).

{¶ 16} In *State ex rel. Clinard v. Greene Cty. Bd. of Elections*, 51 Ohio St.3d 87, 554 N.E.2d 895 (1990), this court applied our reasoning in *Calhoun* to a factual

setting that is almost identical to the one featured here. There, a prospective judicial candidate filed a declaration of candidacy and petitions to gain a place on the primary ballot, but he mistakenly indicated that the term of the office he sought began on January 1 rather than January 2. Relying on our interpretation of R.C. 3513.08 in *Calhoun*, this court observed that the candidate had a mandatory duty to state in his declaration of candidacy the commencement of the term sought. *Clinard* at 88. Because the candidate had not accurately set forth the commencement date, we concluded that the board of elections had not disregarded the law in invalidating his declaration of candidacy and petitions. *Id.*

{¶ 17} Based on the caselaw construing the first paragraph of the statute, it follows that under the analogous second paragraph of R.C. 3513.08, Renner had a mandatory duty to accurately state in her first petition the commencement date of the term of the office she sought. Because she did not do so, her first petition was invalid. Renner's contrary argument that her petition was a nullity fails. The only authority Renner cites in support of her position is a dissenting opinion in *Thornton v. Salak*, 112 Ohio St.3d 254, 2006-Ohio-6407, 858 N.E.2d 1187, in which the author wrote that "the better reasoning is that an invalid petition is a nullity and cannot and should not affect anything," *id.* at ¶ 34 (McMonagle, J., dissenting). A dissent does not command this court's adherence.

{¶ 18} Therefore, we reject Renner's argument that her first petition was a nullity.

*B. Renner's contention that she did not seek multiple offices at the same election fails to demonstrate that the board erred in rejecting her second petition*

{¶ 19} Renner next argues that even if her first petition is not declared a nullity, the board still erred because she did not seek multiple offices at the same election. Renner bases this argument on R.C. 3513.052, even though the board did not specifically invoke that statute in making its determination to not certify her name to the ballot. Even so, Renner surmises that it is necessary to discuss R.C.

3513.052 because the "unstated conclusion underpinning [the board's] counsel's advice seems to be that [Renner] is not permitted to file multiple candidate petitions for the same election." This argument, as we understand it, is a variation on her "nullity" argument.

{¶ 20} In Renner's view, because no office on the Athens County Board of Commissioners commenced January 1, 2025, her first petition did not seek a county "office" within the meaning of R.C. 3513.052. Therefore, she argues, the statute's "multiple-offices-candidacies prohibition," *see State ex rel. Coble v. Lucas Cty. Bd. of Elections*, 130 Ohio St.3d 132, 2011-Ohio-4550, 956 N.E.2d 282, ¶ 31, fn. 3, does not apply to her.

{¶ 21} Renner relies on *State ex rel. Atty. Gen. v. Jennings*, 57 Ohio St. 415, 425, 49 N.E. 404 (1898), in which this court quoted High, *Extr. Rem.*, Section 625, for the proposition that an " 'office * * * may be defined as a public position, to which a portion of the sovereignty of the country, either legislative, executive, or judicial, attaches *for the time being*, and which is exercised for the benefit of the public.' " (Emphasis added.) But in *Jennings* we did not have before us the statutory scheme we face in this case and thus, it does not control.

{¶ 22} A more sound approach lies in the view that an "office" is simply a "position of duty, trust, or authority, esp. one conferred by a governmental authority for a public purpose <[as in] the office of attorney general>." *Black's Law Dictionary* 1254 (10th Ed.2014). This meaning of "office" squares with the way the word is used in R.C. 3513.08's second paragraph, which directs a person in Renner's shoes to "designate the *term* of the *office* for election" sought. (Emphasis added.) Adopting Renner's argument—that is, by construing "office" to encompass a time period—would render meaningless the statute's use of "term." *See Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 23 ("We must give effect to every term in a statute and avoid a construction that would render any provision meaningless, inoperative, or superfluous").

**{¶ 23}** The fact that R.C. 3513.08 also requires a declaration of candidacy to specify the term of office does not signify that a failure to specify the term means no "office" was sought. In the end, this argument, like Renner's claim that her first petition was a nullity, lacks merit. Moreover, it does not help Renner to overcome the effect of R.C. 3501.38(I)(2)(a).

*C. Renner's withdrawal letter did not effect a valid withdrawal of her candidacy*

**{¶ 24}** For her last argument, Renner asserts that even if this court were to conclude that her first petition was not a nullity, she nevertheless made an effective withdrawal of her candidacy. The crux of Renner's argument is that the words she used in her withdrawal letter were sufficient to withdraw her candidacy even though the letter sought only to withdraw her "petitions." For its part, the board argues that the letter's reference to "petitions" is not sufficient to effect a withdrawal of her candidacy.

**{¶ 25}** R.C. 3501.38(I)(2)(a) provides that "nothing in this division prohibits a person from withdrawing as a candidate as otherwise provided by law." As noted, this is the statute the board relied on in reaching its decision that Renner's second petition was invalid. We conclude that the board did not abuse its discretion or clearly disregard applicable law in applying the statute.

**{¶ 26}** Renner claims that the steps she took in this case to withdraw are "on all fours" with those that this court considered in *Coble*, 130 Ohio St.3d 132, 2011-Ohio-4550, 956 N.E.2d 282. In that case, a prospective judicial candidate filed his nominating petition with the board but was informed by a board employee that his petition was three valid signatures short of the statutory requirement. Our opinion in *Coble* states that the candidate "withdrew his candidacy," *id.* at ¶ 4, but does not specify how. The candidate then filed a new nominating petition for the same office and the same election and was told this time by a board employee that his petition was acceptable. Thereafter, the board rejected the candidate's petition and refused to certify his name to the ballot.

{¶ 27} The candidate petitioned this court for a writ of mandamus ordering the placement of his name on the ballot, and we granted his request. We observed that under R.C. 3513.261, a board of elections could not accept a nominating petition of a person seeking to be a candidate for a municipal office if that person had already filed a petition to be a candidate for the municipal office at the same election. *Coble* at ¶ 12-13. Because the candidate had filed a nominating petition for the same municipal office for the same election, we concluded that absent an applicable exception, R.C. 3513.261 would bar the second nominating petition. *Coble* at ¶ 18. This court, however, identified an exception in R.C. 3513.052(G), which provided that, R.C. 3513.261 notwithstanding, a board of elections could not disqualify a person from being a candidate for office if that person "timely withdraws" as a candidate. *Coble* at ¶ 21, citing R.C. 3513.052(G). We concluded that because the candidate withdrew before the applicable filing deadline and timely submitted a subsequent nominating petition for the same office before the deadline, the candidate had made a "timely withdraw[al]" as that phrase is defined under R.C. 3513.052(H). *Coble* at ¶ 27. In reaching that conclusion, we distinguished our earlier decision in *State ex rel. Canales-Flores v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 129, 2005-Ohio-5642, 841 N.E.2d 757, in which this court had concluded that R.C. 3513.052 would not protect a candidate who had filed a second nominating petition for the same office at the same election after the first nominating petition had been ruled invalid by a board of elections.

{¶ 28} Here, Renner says that she withdrew her candidacy when she filed her letter with the board asking that it "withdraw [her] petitions filed on 12/15/23 for County Commissioner." Because she then filed her second petition before the December 20, 2023 filing deadline, she reasons that under *Coble*, she effected a timely withdrawal.

{¶ 29} *Coble*, however, did not address the question Renner poses about the sufficiency of an attempt to withdraw as a candidate, because we did not expressly

say what it was about the candidate's paperwork that led us to conclude that he "withdrew his candidacy," *id.*, 130 Ohio St.3d 132, 2011-Ohio-4550, 956 N.E.2d 282, at ¶ 4. Perhaps recognizing this, Renner invokes R.C. 3513.052(H)(2)'s definition of "timely withdraws." As defined, "timely withdraws" means "[w]ithdrawing as a candidate before the applicable deadline for filing a declaration of candidacy * * * for which the person is seeking to become a candidate at the same election." R.C. 3513.052(H)(2)(a).

**{¶ 30}** In urging us to conclude that her withdrawal letter constituted a valid method for withdrawing her candidacy, Renner observes that the statute does not mandate the use of any particular language for withdrawing as a candidate and, she adds, there apparently is no form for doing so. Further, she invokes Secretary of State Directive 2023-34, Section 14.07, which provides that "a withdrawal of candidacy must be made in writing and filed with the election officials with whom the declaration of candidacy * * * was filed."[1] Renner points out that this directive contains no specific directions concerning what must be in the "writing" to effectuate a withdrawal of candidacy.

**{¶ 31}** Renner thus argues that in the absence of further guidance, drawing a distinction between the act of withdrawing a petition (which her withdrawal letter expressly conveyed) and one's candidacy (which her withdrawal letter did not expressly convey) is illogical because, she says, the withdrawal of either the petition or candidacy necessarily terminates the other. Renner's declaration of candidacy and petition were on the same instrument, i.e., a 2-G form. And so, she says, a person's request to withdraw a petition suffices to withdraw the person's candidacy.

---

1. *See* Ohio Secretary of State, *Directives, Advisories, Memo & Tie Votes*, available at https://www.ohiosos.gov/elections/elections-officials/rules/ (accessed Jan. 31, 2024).

**{¶ 32}** However, as the board points out, R.C. 3513.30(B) provides that a withdrawal of a person's candidacy before the primary election "shall be effected and the statement of withdrawal shall be filed in accordance with the procedures prescribed in division (D)." In turn, R.C. 3513.30(D) provides that the "withdrawal may be effected by the filing of a written statement by such candidate announcing the candidate's withdrawal and requesting that the candidate's name not be printed on the ballots." Here, the withdrawal letter that Renner filed with the board did not announce the withdrawal of her candidacy and did not request that her name not be printed on the ballots. In failing to meet these requirements, it follows that Renner has not shown that she "effected" a valid withdrawal of her candidacy under R.C. 3513.30(B).

**{¶ 33}** In response, Renner does not dispute that R.C. 3513.30(B) applies to her, but she denies that she was required to follow all of R.C. 3513.30(D)'s requirements. She says that division (D) focuses on those who have been certified to appear on the ballot because it speaks to those who have been "nominated in a primary election," R.C. 3513.30(D). She then reasons that because her name has not appeared on the ballot, she was not required to request that her name not be printed on the ballot.

**{¶ 34}** To begin, that argument would not cure Renner's failure to file a written statement announcing her withdrawal as a candidate. In any event, Renner's ballot-focused argument falters. R.C. 3513.30(B) provides that a person who desires to withdraw shall follow "*the* procedures" of R.C. 3513.30(D), not "some" of those procedures. Adopting Renner's argument would require us to insert words the General Assembly did not prescribe. *See State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 30 (courts cannot delete words from or insert words into a statute).

**{¶ 35}** In summary, Renner's arguments do not show that she correctly withdrew her candidacy as "otherwise provided by law," R.C. 3501.38(I)(2)(a), or

that she is entitled to the benefit of our decision in *Coble*, 130 Ohio St.3d 132, 2011-Ohio-4550, 956 N.E.2d 282.  Nor does Renner advance any meaningful analysis against the board's determination that in the absence of a valid withdrawal, her second petition was a forbidden attempt to "alter[], correct[], or add[]" to her first petition, *see* R.C. 3501.38(I)(1).  Given all this, we conclude that the board did not clearly disregard applicable law or abuse its discretion in rejecting both of Renner's petitions.

## III.  CONCLUSION

{¶ 36} For the foregoing reasons, we deny the writ.  Because Renner has not shown that the board of elections clearly disregarded applicable law or abused its discretion, we need not reach the board's argument that Renner's action is barred by laches.

Writ denied.

KENNEDY, C.J., and DONNELLY and STEWART, JJ., concur.

FISCHER, DEWINE, and DETERS, JJ., concur in judgment only.

BRUNNER, J., not participating.

—————————

Brunner Quinn, and Patrick M. Quinn, for relator.

Keller J. Blackburn, Athens County Prosecuting Attorney, and N. Zachary West, Assistant Prosecuting Attorney, for respondent.

—————————